## Anna Doherty *v.* Town of Winchester et al.

Superior Court     Litchfield County     File No. 13994

Memorandum filed February 9, 1954.

*Howd, Pruyn & Lavieri,* of Winsted, for the Plaintiff.

*James L. Glynn,* of Winsted, and *Carmody & Torrance,* of Waterbury, for the Defendants.

House, J. This is an action against the town of Winchester and The Connecticut Light and Power Company, hereinafter referred to as the defendant, in which the plaintiff seeks damages from both defendants as the result of a fall alleged to have occurred on the public sidewalk "in front of the property belonging to the defendant, The Connecticut Light and Power Company." The complaint claims that the fall was due to a defective and dangerous condition of broken concrete in the sidewalk "adjacent to" the property of the defendant and that the surface of the sidewalk was covered with snow and ice.

The first count alleges that the defendant town of Winchester is charged with the duty of proper care and maintenance of the streets in the town, had notice of the defective condition, and neglected to remedy it, as a result of which the plaintiff was injured. The second count alleges the same structural defects and ice and snow condition, that the defendant company owned the abutting property and the ordinances of the town of Winchester and city of Winsted require abutting owners to remove ice and snow from public sidewalks, which the defendant neglected to do, resulting in plaintiff's fall and injuries. The third count alleges that the defendant so maintained its abutting property that it caused a public nuisance on the sidewalk. The fourth count repeats the alleged structural defects and ice and snow accumulation and that the defendant company was negligent "in that it allowed said sidewalk to remain in said defective condition."

The defendant company has demurred to both the second and fourth counts on the grounds, as to each count, that there is no allegation that any duty owing to the plaintiff has been breached by the defendant.

It is essential to a cause of action based on negligence that the breach of some legal duty to the plaintiff be alleged, for negligence is, by definition, the breach of a duty. *Collins* v. *City National Bank & Trust Co.*, 131 Conn. 167, 170. Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so. *Dean* v. *Hershowitz*, 119 Conn. 398, 407; *Earley* v. *Hall*, 89 Conn. 606, 613. Negligence cannot be predicated upon a state of facts which does not impose a legal duty. *Swentusky* v. *Prudential Ins. Co.*, 116 Conn. 526, 532. It is essential that the complaint allege facts showing wherein the defendant failed to perform a duty. *O'Keefe* v. *National Folding Box &*

*Paper Co.,* 66 Conn. 38, 44. Furthermore, the duty which must be alleged must be a duty owed to the plaintiff. Actionable negligence cannot be based on a breach of duty unless the injured person is within the class of persons to whom the duty is owed. *McDowell* v. *Federal Tea Co.,* 128 Conn. 437, 440. " 'The rule which is applicable to actions for negligence based upon the violation of a statutory duty is to all intents and purposes the same as the rule applicable to actions for negligence based upon a violation of a common-law duty. Where there is no duty, there can be no negligence. The statutory duty must be owing to the person injured, and not to some one else, in order that a violation thereof shall constitute actionable negligence.' *Anthony* v. *Connecticut Co.,* 88 Conn. 700, 707, 92 Atl. 672; see also *Longstean* v. *McCaffrey's Sons,* 95 Conn. 486, 494, 111 Atl. 836; *Black* v. *Hunt,* 96 Conn. 663, 666, 115 Atl. 429; *Gonchar* v. *Kelson,* 114 Conn. 262, 264, 158 Atl. 545." *Hassett* v. *Palmer,* 126 Conn. 468, 472.

In the second count the alleged negligence of the defendant company is failure to remove snow and ice from a public sidewalk as required by a local ordinance, and in the fourth count the alleged negligence is neglect to remedy a defective condition on the public sidewalk.

It is not without significance that in the first paragraph of the first count the plaintiff alleges that the defendant town of Winchester "is charged with the proper care and maintenance of the streets within the limits of said town." The law as to the relative duties of municipalities and owners of property abutting a public sidewalk is well summarized in the headnote to *Willoughby* v. *New Haven,* 123 Conn. 446: "At common law there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes

upon streets or sidewalks, such as the accumulation of snow or ice. Primarily it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons. Therefore if the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance it can be no greater than that specifically imposed thereby. Imposition upon abutting owners of a duty to clear walks of snow and ice, with a provision of a penalty by fine and costs for failure to do so or for clearing the same by municipality and collection of the cost from the abutting owner, is not sufficient to render the individual, instead of the city, liable for injuries sustained by reason of snow or ice thereon."

The mere allegation that the defendant is the owner of premises abutting a public sidewalk and that a local ordinance provides that the abutting owner shall remove snow and ice, or that the sidewalk was defective and the abutting owner did not repair it, is not sufficient against a demurrer which properly claims that the complaint sets forth no breach of a legal duty owed to the plaintiff.

The plaintiff particularly asserts that these demurrers are general and not special, as is required by § 7814. The fine line between what is special and general in a particular case may be a difficult one to draw.

"A demurrer is not a mere procedural nicety, but is a precise instrument for the final determination on the merits of justiciability under pertinent rules of law of an asserted cause of action or defense. It is the formal mode of disputing the sufficiency in law of the pleading to which it pertains." 71 C.J.S.

426. A demurrer is general when no particular ground for the demurrer is alleged and an attack is made on the sufficiency of the pleading as a whole. It is special when the particular imperfection is pointed out. Id., 419, 421. It is basic that a complaint in such an action as this must state facts showing the jurisdiction of the court, a duty owed by the defendant to the plaintiff, a breach of that duty and injury to the plaintiff caused thereby. The absence of any one of these makes the complaint defective. The demurrer is sufficiently special when it points out the particular defect in the complaint attacked, in this case the absence of any allegation that any duty owing to the plaintiff has been breached by the defendant.

Defendant's demurrer to both the second and fourth counts are therefore sustained.