David F. Lee, Jr., J.
This is a motion by the defendant, Donald F. Davies, for an order dismissing the complaint on the ground that the court does not have jurisdiction of his person in this action.
The complaint alleges that this defendant is or has been executive secretary of Associated Building Contractors of the Triple Cities, Inc., and further alleges in paragraph Second (c) “ The defendant Donald F. Davies is a resident of the State of Ohio. The cause of action set forth in this complaint against the defendant Donald F. Davies arises from his tortious acts described herein, which were committed within the State of New York for many years past, at least since 1961.”
Plaintiff caused to be served on this defendant a copy of the summons and verified complaint on or about January 14, 1965, in Akron, Ohio, by the office of the Sheriff of Summit County, Ohio.
The papers submitted upon this motion assert that this defendant now is and has been domiciled in the State of Ohio since on or about July, 1963, “ a resident of Ohio for more than one and one-half years.” The affidavit of counsel representing the defendant on this motion further states: 1 ‘ Deponent is informed and does believe that defendant Davies was a New York domiciliary when the acts set forth in the complaint were allegedly committed; that defendant Davies has not been associated with the Associated Building Contractors of the Triple Cities, Inc. as Executive Secretary or otherwise since on or about November 1,1962.”
The primary question before this court is whether or not jurisdiction has been acquired over the defendant by service of the summons and complaint upon him in Ohio. The papers submitted on this motion show the defendant to have been domiciled in New York State at the time of the alleged acts, and to be domiciled in Ohio at the time the summons and complaint were served upon him. Plaintiff urges that this court does have jurisdiction and asserts that the basis for jurisdiction over the person of the defendant is CPLR 302.
From a careful reading of CPLR 302, the single-act statute, the long-arm statute, which is applicable to nondomiciliaries, *701 and other pertinent provisions of the CPLB, this court holds that there is no provision in the CPLB for service of a summons on a domiciliary who commits, or allegedly commits, an act set forth in 302 and then changes his domicile and is a nondomiciliary at the time of service of the summons. Accordingly, under the facts presented no jurisdiction over the defendant Davies has been acquired by service of the summons and complaint on this defendant, and the complaint should be dismissed.
The ‘ ‘ gap ’ ’ as presented by the facts here is subject to legislative action, which has been found to be necessary with other laws in the past, for the courts of this State to acquire jurisdiction. ■
On the argument of this motion other points were well presented and argued in detail by each of the counsel, however, the question as to whether or not the allegations of violation of the “ Donnelly Act ” sound in tort, and the question as to whether or not the causes of action alleged in the complaint are essentially penal in nature over which this court has no extraterritorial jurisdiction are moot in view of the determination of this court that there is no jurisdiction over the defendant.
The motion to dismiss the complaint as to the defendant, Donald P. Davies, should be granted.