McCAIN, Judge.
This is an appeal by the plaintiffs, Charles F. Brown and George G. Hunter, Jr., from a summary final judgment entered in favor of defendant, Lee P. Henrich. We reverse.
Plaintiffs are attorneys and rendered professional services to defendant while he was a domiciliary of New York. Defendant subsequently moved to Florida. Plaintiffs then obtained a New York judgment against defendant for the amount due for their services. Jurisdiction of the New York court was based on New York Civil Practice Law and Rules § 302,[1] which provides for personal jurisdiction of a non-domiciliary who has transacted business in the state. Personal service was had upon defendant in Florida pursuant to New York CPLR 313.[2]
The present action is a suit on the New York judgment. The trial court entered a summary judgment for defendant, finding that under New York law CPLR 302 did not apply to a defendant who was a domiciliary of New York at the time of the business transaction but who was a non-domiciliary at the time of service.
There has been some confusion in the New York law as to whether or not CPLR 302 would apply to a non-domiciliary who was domiciled in New York at the time of the transaction in question. Since the ruling of the trial court the question has been resolved. The New York Court of Appeals ruled in State v. Davies, 1966, 18 N.Y.2d 950, 277 N.Y.S.2d 146, 223 N.E.2d 570, that CPLR 302 does apply to a defendant who was domiciled in New York at the time he transacted the business but a non-domiciliary at the time of service.
Inasmuch as an appellate court must apply the law prevailing at the time it renders its decision, Florida East Coast Ry. v. Rouse, Fla.1966, 194 So.2d 260, the judgment is reversed with directions to the trial court to grant plaintiffs’ motion for summary judgment.
Reversed.
WALDEN, C. J., and BEASLEY, THOMAS D., Associate Judge, concur.

. This section provides in pertinent part:
“§ 302 Personal Jurisdiction 6y Acts of Non-Domiciliaries
“(a) Acts which are the basis of jurisdiction. A Court may exercise personal jurisdiction over any non-domiciliary * * * as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person * * * he: 1. transacts any business within the state * *

. New York Civil Practice Law and Rules 313:
“§ 313 Service Without the State Giving Personal Jurisdiction.
“A person domiciled in the state or subject to the jurisdiction of the courts of the state under section 301 or 302, or his executor or administrator, may be served with the summons without the state, in the same manner as service is made within the state, by any person authorized to make service within the state who is a resident of the state or by any person authorized to make service by the laws of the state, territory, possession or country in which the service is made, or by any duly qualified attorney, solicitor, barrister, or equivalent in such jurisdiction.”