BARKDULL, Judge.
At the time she purchased a new automobile, the appellant obtained insurance from the appellee which covered any casualty loss to her vehicle. The vehicle was subsequently damaged and the insured duly notified the company of the damage. This ultimately resulted in the company electing to repair the automobile under the following provision of the insurance policy:
“The company may pay for the loss in money or may repair or replace the automobile or such part thereof, * * * ”
The place of repair was selected by the company. Following a return of the vehicle to the insured, she commenced the instant action in the trial court, ultimately alleging in her final amended complaint a cause of action seeking damages for inadequate repair and unreasonable length of time in accomplishing repair. The matter duly came on for trial before a jury and resulted in a verdict in favor of the appellant in the sum of $250.00.
The appellant has appealed and urges, among other points, that the trial court erred in failing to give certain instructions, among which was the plaintiff’s requested instruction No. 2 which reads as follows:
“If you find from the evidence that the defendant insurance company elected to repair the plaintiff’s automobile in a repair shop chosen by the defendant insurance company, then you may find that the defendant insurance company is under a contract to repair the plaintiff’s automobile and is obligated to the plaintiff to restore the damages automobile when returned to the insured, properly repaired.”
and instruction No. 6, which reads as follows:
“If you find from the evidence that the defendant insurance company elected to *412 repair plaintiff’s automobile by selecting the repair company for the work to be performed for the plaintiff and you further find that the defendant insurance company was obligated on its contract to repair plaintiff’s automobile, then you may find as an element of damages that the plaintiff is entitled to the loss of use of plaintiff’s automobile for the time plaintiff was deprived of possession of said automobile.”
We hold that instruction No. 2 was a correct pronouncement of the law and that it should have been given to the jury, upon the authority of Auto-Owners Insurance Company v. Green, Fla.App.1969, 220 So.2d 29,[1] and authorities cited therein. As to instruction No. 6 without provision for such coverage in the policy, the refusal to give the instruction was without error. Compare: Darvie v. American Bankers Insurance Company of Florida, La.App.1955, 80 So.2d 541. However, it does appear that the insurance company should be liable for damages for loss of use for any unreasonable delay in making the repairs it elected to do. Meakin v. Dreier, Fla.App.1968, 209 So.2d 252.
The appellant also urges that the trial court erred in refusing to award her attorney’s fees pursuant to the provisions of § 627.0127, Fla.Stat, F.S.A. We find that this point is also well taken, and direct that in the event the insured recovers against the appellee upon a re-trial of this matter she should then be entitled to attorney’s fees in accordance with the statute. Traders & General Insurance Company v. Williams, 229 Ark. 923, 319 S.W.2d 847; Hammack v. Resolute Fire Insurance Company, 233 La. 359, 96 So.2d 612.
The other errors urged by the appellant have been examined and found to be without merit.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby reversed and this cause is remanded to the trial court, with directions to grant the appellant a new trial on the issue of damages only.
Reversed and remanded, with directions.

. It is noted that this decision was rendered subsequent to the trial in the instant case, and that the trial judge did not have the benefit of this decision at the time of his ruling on instructions. However, the ultimate determination of this ease should be decided on the state of the law as it exists at the present time. See: Florida East Coast Railway Company v. Rouse, Fla.1967, 194 So.2d 260; Brown v. Henrich, Fla.App.1967, 203 So.2d 183.