## University of Bridgeport *v.* John H. Cassidy

Superior Court      Fairfield County      File No. 151560
AT Bridgeport

Memorandum filed January 21, 1974

*Cohen & Wolf,* of Bridgeport, for the plaintiff.

*Hadden, Taylor & Knott,* of New Haven, for the defendant.

Saden, J. The complaint alleges that the defendant, a professional engineer, in 1965 rendered improper or negligent services to the plaintiff as a result of which it suffered, and continues to suffer, certain damages. Service was made pursuant to General Statutes § 52-59b, the "long-arm" statute.[1]

[1] "Sec. 52-59b. JURISDICTION OF COURTS OVER NONRESIDENTS AND FOREIGN PARTNERSHIPS. SERVICE OF PROCESS. (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from such act; or (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from such act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state. . . ."

The defendant has filed a plea in abatement setting forth three circumstances which, it is contended, show that the method of service was insufficient to give this court in personam jurisdiction over the defendant. They are: (1) At all times relevant to the complaint, the defendant was a resident of Connecticut; (2) all the events relevant to the complaint occurred prior to October 1, 1969, the effective date of the long-arm statute; and (3) service was made solely by mailing the writ, summons and complaint to the secretary of state. The plaintiff has demurred to the plea in abatement and it is this demurrer with which we are here concerned.

As a preliminary matter, the defendant contends that the plaintiff's demurrer is general and therefore in violation of General Statutes § 52-92, which requires all demurrers to be specific. The demurrer is worded: "The plaintiff demurs to the Plea in Abatement for the reason that, as a matter of law, it does not set forth facts sufficient to justify a finding that this Court lacks jurisdiction over the person of the defendant."

In *Doherty* v. *Winchester,* 18 Conn. Sup. 475, 478, the court said: "The fine line between what is special and general in a particular case may be a difficult one to draw. 'A demurrer is not a mere procedural nicety, but is a precise instrument for the final determination on the merits of justiciability under pertinent rules of law of an asserted cause of action or defense. It is the formal mode of disputing the sufficiency in law of the pleading to which it pertains.' 71 C.J.S. 426 . . . [Pleading, § 218]. A demurrer is general when no particular ground for the demurrer is alleged and an attack is made on the sufficiency of the pleading as a whole. It is special when the particular imperfection is pointed out." In the instant case the demurrer is sufficiently

specific. In effect it says that even if the facts alleged in the plea in abatement are accepted, the long-arm statute still applies.

The particular question of law to be decided is one of first impression in this state. The plea in abatement presents a two-tined question: (1) Does § 52-59b apply in a case where the defendant was a resident at the time of the alleged wrongful act but a nonresident at the time of service? (2) Is the statute to be retroactively applied?

The second of these questions has, apparently, been abandoned in the brief of the defendant, where he admits that our Supreme Court has indicated that our long-arm statute should be given retroactive effect unless the legislative intent clearly appears to be otherwise. *Carvette* v. *Marion Power Shovel Co.*, 157 Conn. 92, 98; see 62 Am. Jur. 2d, Process, § 80.

The first question is more difficult. The precise wording of our own statute is, of course, of paramount importance here, but it is useful to see what other jurisdictions have done when confronted with the same problem.

New York's long-arm statute, subdivision (a) of § 302 of the Civil Practice Law and Rules (1963; as amended, 1966), has language similar to our § 52-59b.[2] There have been several New York decisions holding that the New York statute was appli-

---

[2] "[N.Y. Civ. Prac. § 302 (1963)] (a) ACTS WHICH ARE THE BASIS OF JURISDICTION. A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he: 1. transacts any business within the state; or 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or 3. owns, uses or possesses any real property situated within the state. . . ."

cable to a defendant who was a nondomiciliary at the time of service, though at the time of the commission of the jurisdictional act he was a resident. In *State v. Davies,* 24 App. Div. 2d 240, resettled, 25 App. Div. 2d 690, aff'd, 18 N.Y.2d 950, the state brought an action for an injunction and monetary penalties for a conspiracy to violate the monopoly and restraint provisions of the New York General Business Law. The defendant was a resident of New York at the time of the alleged acts but a resident of Ohio at the time of service. He was served under the provisions of § 302 of the New York Civil Practice Law and Rules, and jurisdiction was upheld by the Court of Appeals. In *O'Connor v. Wells,* 43 Misc. 2d 1075 (N.Y.), the court pointed out that any other construction would permit a wrongdoer simply to move out of state to escape the jurisdiction of the New York courts. *State v. Associated Building Contractors of the Triple Cities, Inc.,* 47 Misc. 2d 699 (N.Y.), is directly contrary on similar facts, as pointed out by the defendant in his brief, but that case can no longer be considered authoritative in view of the later affirmation of *State v. Davies,* supra, by the Court of Appeals. See *Brown v. Henrich,* 203 So. 2d 183, 184 (Fla. App.); note, A.L.R.3d 532, 570 n.

In *Hoen v. District Court,* 159 Colo. 451, an automobile accident case, the court by implication ruled that the statute did allow service on the now nonresident defendant. In *State ex rel. Johnson v. District Court,* 148 Mont. 22, the defendant doctor negligently performed an operation in Montana in 1955 and moved to California in 1962. The Montana nonresident service statute was held to apply to him.

There are several states which have reached contrary results. In *Fagan v. Fletcher,* 257 Iowa 449, a case concerning the defendant's negligence in

handling a defective firecracker, the statute was held not to apply. The Iowa statute provided, however, that if a "nonresident" commits a tort, he can be served. The wording provides a crucial difference. Wording of the statute seems also to have tipped the scales in *Genet* v. *Smith,* 400 P.2d 161 (Okla.). There a state official who made illegal disbursements while in office had moved out of the state prior to institution of the action. The statute was held not to apply because it was phrased "any person . . . who is a nonresident of this State and who does any of the acts hereinafter enumerated . . . ."

This review of the decisions in other jurisdictions illustrates that a finding of jurisdiction would be entirely compatible with the wording of our statute. The paramount consideration is, of course, whether the legislature intended this result.

In these times, when travel is fast and distance scarcely separates, long-arm statutes should be liberally construed. A Connecticut citizen should not be required to travel to a foreign state merely because his defendant has done so after allegedly committing, while a resident, a tortious act within Connecticut. The New York rule contains language essentially similar to the broad language of our statute, and the court thinks that the latter permits the service that was made here.

The plaintiff's demurrer is therefore sustained.