DOROTHY WHALEY, Plaintiff-Appellant, v. AMERICAN NATIONAL INSURANCE COMPANY et al., Defendants-Appellees.

(No. 12935;

Fourth District—July 3, 1975.

*Rehearing denied July 28, 1975.*

D. J. Korkowski, of Allen & Korkowski & Associates, of Rantoul, for appellant.

Vance I. Kepley, of Reno, O'Byrne & Kepley, and Harold A. Baker, of Hatch, Corazza, Baker & Jensen, both of Champaign, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

As mortgagor on a real estate loan from defendant Mercantile Mortgage Company, plaintiff's husband was insured for $7713.46 under a group credit life policy with American National Insurance Company. Pursuant to the terms of this policy, Mercantile charged Mr. Whaley the amount of the premium required to keep coverage in effect. When Whaley prepaid $3355 on the mortgage in November of 1973, however, Mercantile neglected to adjust the charge to him for premiums. He continued to pay for decreasing term insurance as computed at the time the mortgage was drawn.

When Whaley died in January 1974, American National paid off the remainder of the mortgage. Mrs. Whaley sued for $3355, contending that her husband's continued payment of the larger premiums obligated American National to pay the full amount of insurance attributable to those premiums. The trial court dismissed the complaint and Mrs. Whaley appeals.

The credit life policy provided, in relevant part, that:

> "Any sum payable by the Company as a death claim shall be paid * * * to the Mortgagee to be applied to reduce or extinguish the insured mortgagor's outstanding indebtedness."

Mercantile Mortgage Company was the named mortgagee. The policy further provided that "the amount of insurance which shall be enforced hereunder at any time on the life of a mortgagor shall be the amount of his outstanding indebtedness of the Mortgagee, except as follows * * *," there following certain exceptions not pertinent here.

On appeal, Mrs. Whaley contends that the amount of insurance ought not to have been reduced by the amount of the prepayment. She contends that her husband, as mortgagor, could reasonably have assumed that any excess was to be paid to him inasmuch as he paid the entire premium. Yet the general principles governing the interpretation and construction of insurance contracts do not differ from those controlling in

other contracts. (*Dempsey v. National Life & Accident Insurance Co.*, 404 Ill. 423, 88 N.E.2d 874; *Hartford Accident & Indemnity Co. v. Case Foundation Co.*, 10 Ill.App.3d 115, 294 N.E.2d 7), and the courts cannot make a new contract by supplying provisions, nor give plain and unambiguous language a distorted construction. *Schweisthal v. Standard Mutual Insurance Co.*, 48 Ill.App.2d 226, 198 N.E.2d 860.

This contract is plain and unambiguous in limiting the insurer's liability to the amount of the mortgagor's indebtedness to the mortgagee. What is more, it contains no language from which one "could reasonably assume" that anyone other than the mortgagee could have any recovery whatsoever.

■■ Nevertheless, argues the plaintiff, the mortgage and insurance companies should be estopped from asserting the terms of this contract, since her husband relied on their conduct in accepting the larger premium. Under Illinois case law, the doctrine of equitable estoppel may be invoked only in cases where words or conduct by the party against whom the estoppel is alleged amount to a misrepresentation or concealment of a material fact, where the truth respecting those representations is unknown to the party claiming the benefit of the estoppel, and where the party claiming the benefit of the estoppel actually relies upon those misrepresentations. (*Ptaszek v. Konczal*, 7 Ill.2d 145, 130 N.E.2d 257; *Lowenberg v. Booth*, 330 Ill. 548, 162 N.E. 191; *Ozier v. Haines*, 411 Ill. 160, 103 N.E.2d 485.) These circumstances were not alleged in the complaint involved in this case. The policy, according to its own terms, was available for Mr. Whaley's inspection, and it is not urged that such inspection was thwarted or that any representations were made to mislead him as to the policy's provisions. Nor is it alleged that Whaley relied upon any implied or expressed representation that insurance in a larger figure would remain in effect. This complaint presented no case for equitable estoppel.

Finding no merit to plaintiff's claim under either the contract or the doctrine of equitable estoppel, we affirm the action of the trial court in dismissing her complaint.

Judgment affirmed.

SIMKINS, P. J., and TRAPP, J., concur.