328 So.2d 519 (1976)
Emmanuel George ZAMMAS, Appellant,
v.
Jill Barrie ZAMMAS, Appellee.
No. 75-691.
District Court of Appeal of Florida, Third District.
March 9, 1976.
Ullman, Kimler & Entin, Miami, for appellant.
Gold & Fox, Coral Gables, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
By a judgment rendered in January of 1971, the parties were divorced. Approved therein was a property settlement agreement they had made, in which the parties had agreed upon an adjustment of their property rights, and, in the event of divorce, that the wife should have custody of the two children, then aged two and seven; that the husband would pay $200.00 per month child support, and alimony of $200.00 per month for six months after which the alimony would be at the rate of $125.00 per month. Included was a provision whereby the husband deeded his equal interest in the home property to the wife, to be held in trust for the benefit of the children.
Approximately four years thereafter the husband moved for modification of the judgment, seeking to have the alimony terminated or "substantially reduced", alleging as changes of circumstances that the wife was gainfully employed and by inheritance had received a one third interest in a mortgage and $9,325.19. The wife also moved for modification, seeking an increase in the child support. On the hearing it was brought out that the wife's earnings had increased from $6,848.45 per year to $8,378.75 per year, and that the value of her inheritance was $17,000.00. Also, it was shown that in the intervening period the husband's income had progressed from $10,400.00 per year to approximately $13,000.00 per year.
The trial court entered an order denying both petitions for modification. On this appeal by the husband and cross assignments of err by the wife the parties claim error in the denial of their petitions for modification.
*520 On consideration thereof we are impelled to affirm the challenged order. The matters presented by the petitions for modification called for the exercise by the court of its sound judicial discretion, and the order entered by the court thereon should not be disturbed on appeal in the absence of a showing of clear abuse of discretion, of which we find none has been made to appear.
The order appealed from is affirmed.