MILLS, Judge.
This is an appeal from an order modifying final judgment entered in a dissolution of marriage proceeding. The major point on appeal is whether there was a sufficient change in the circumstances of the parties to justify the increase in child support from $100 to $250 per child per month, an increase in rehabilitative alimony from $200 to $450 a month, and an extension of rehabilitative alimony for one year.
The determination of the trial court regarding modification of alimony and child support will not be disturbed on appeal unless it is clearly shown that the trial court abused its discretion. Zammas v. Zammas, 328 So.2d 519 (Fla.3d DCA 1976). The trial court’s finding that there has been a substantial and material change in circumstances between the parties since the entry of the final judgment is supported by competent evidence. The trial court did not abuse its discretion in increasing the amount of child support from $100 to $250 per month per child; however, we do not believe that the increase and extension of rehabilitative alimony was supported by the evidence presented to the trial court. Since the entry of final judgment Mrs. Benz has become employed full time (nine months out of the year) as a teacher’s aide. She did not testify that she was precluded from obtaining any educational or other rehabilitative benefits because she had to work. She did not indicate that there were any career opportunities that she wished to pursue. The increased needs of the family, as indicated by Mrs. Benz’s financial affidavit, were fully covered by the increase in child support payments. We therefore find that there was no basis in the record for the extension and increase in rehabilitative alimony.
We find that the trial court properly awarded attorney’s fees to Mrs. Benz and that the amount awarded was reasonable. We do not find that the trial court erred either in refusing to consider Mr. Benz’s testimony concerning Mrs. Benz’s financial affidavit or in denying the motion to transfer. However, we believe that the trial court should have delineated Mr. Benz’s visitation rights with the children since both parties requested that this be done and it is not clear from the record before us that any agreement on this issue was reached.
' Therefore, this cause is affirmed in part, reversed in part, and remanded to the trial court for entry of an order specifying Mr. Benz’s visitation rights with his children.
McCORD, C. J., and BOYER, J., concur.