WILLIAM STRAUS *et al.*, Plaintiffs-Appellants, *v.* ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 78-74

Opinion filed July 12, 1978.

Sidney B. Margolis, of Chicago, for appellants.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago (Duane C. Quaini, Jeffery Lennard, and Alan M. Posner, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs brought this class action seeking injunctive relief and monetary damages from defendant Allstate Insurance Company. Plaintiffs maintained that in settling and offering to settle collision claims Allstate breached its contract of insurance by subtracting the deductibles specified in the policies from the actual cash values of the insured vehicles. The trial court denied plaintiff Noparstak's motion for summary judgment and granted Allstate's motion for summary judgment against the named plaintiffs and against the entire class.

Plaintiffs are each insured under automobile insurance policies and declarations issued by Allstate containing identical provisions. These provisions include a deductible amount for collision settlements. In each case, Allstate settled or offered to settle the claim by paying the insured the actual cash value of the vehicle less the deductible amount appearing on the policy declaration. Plaintiffs claim the amounts which Allstate deducted from the actual cash value of the automobiles.

Plaintiff Arthur Noparstak was issued an automobile policy by Allstate on October 31, 1974. Noparstak elected collision coverage providing for a deductible in the amount of $100 for each collision occurrence. On May 22, 1975, Noparstak's insured vehicle was involved in a collision and sustained extensive damage. Noparstak notified Allstate of the collision and demanded indemnification pursuant to the policy. Allstate offered to pay Noparstak the actual cash value of the vehicle on the date of the collision, less the deductible amount appearing in the declarations. Noparstak has rejected the offer.

Plaintiff Patricia Paveza was issued an automobile insurance policy by

Allstate on February 25, 1972. She selected collision coverage with a $50 deductible. On June 25, 1972, the insured vehicle was involved in a collision. Allstate settled the claim by paying Paveza the cash value of the automobile less the $50 deductible.

On February 4, 1972, plaintiff William Straus was issued a policy providing for collision coverage with $100 deductible. On December 2, 1975, the insured vehicle was involved in a collision. Straus was given the actual cash value of the vehicle less the $100 deductible.

The insurance policies issued to plaintiffs provide in pertinent part:

"In reliance upon the declarations and subject to all the terms of this policy and for payment of the premium, *Allstate makes the following agreements with the named insured*:

* * *

Coverage DD—Automobile Collision Insurance Allstate will pay for loss to the owned automobile or non-owned automobile, caused by collision, less the deductible amount stated in the declarations, but the deductible amount shall not be deducted with respect to a collision involving the owned automobile and another automobile insured by Allstate.

* * *

4. 'loss' means direct and accidental loss of or damage to (a) the automobile, including its equipment, or (b) other insured property;

* * *

*Payment of loss*

Allstate may pay for the loss in money, or may repair or replace the damaged or stolen property. However, Allstate may, at any time before the loss is paid or the property is replaced, at its expense return any stolen property to the named insured, or at its option to the address shown in the declarations, with payment for any resulting damage. Allstate may take all or part of the property at the agreed or appraised value and may settle any claim or loss either with the insured or the owner of the property.

* * *

*Limits of Allstate's liability*

The limit of Allstate's liability is the actual cash value of the property, or if the loss is of a part its actual cash value at the time of loss, but not to exceed what it would then cost to repair or replace the property or part with other of like kind and quality; provided, however, the limit of liability for loss to any trailer is $500."

Under the declarations, the policies provided in pertinent part: "DD AUTOMOBILE COLLISION—ACTUAL CASH VALUE—LESS DEDUCTIBLE OF $100 EACH OCCURRENCE." (Paveza's policy provided for $50 deductible.)

In his second amended complaint, Noparstak alleged that under the policy, Allstate had the option of indemnifying him by paying either the cost of repairing the automobile, less the specified deductible, or the actual cash value of the automobile without reducing that amount by the deductible.

In count I, plaintiffs prayed that Allstate be permanently enjoined from breaching its automobile insurance policy contracts. They also requested that Allstate be ordered to account for and to pay to plaintiffs all monies improperly deducted by it when indemnification is pursuant to payment of the actual cash value of the vehicle.

In count II, Paveza and Straus, on behalf of the other members of the class, charged that Allstate falsely and fraudulently represented to each of them that the deductible amounts appearing on their declarations should be deducted from the actual cash values in attempting to settle their claims. Plaintiffs alleged that they relied upon such representation in accepting such settlement, and that such fraudulent acts were committed and will continue to be committed by Allstate. Plaintiffs asked that Allstate be ordered to account for all monies improperly retained.

The sole issue before us is whether the trial court properly granted summary judgment in favor of Allstate based upon the court's determination that the terms of the insurance policies authorized Allstate to subtract the amount of the deductible specified in the declarations when computing plaintiffs' collision loss reimbursements based upon the actual cash value of the insured vehicles.

Plaintiffs argue that loss is measured under the collision deduction provision of the policies and that the limits of liability provision does not come into operation until, or unless, the amount payable thereunder would limit, abate or reduce amounts otherwise payable under the collision deductible provision. Under plaintiffs' interpretation of the collision deduction provision, application of the deductible is authorized when computing the insured's loss. Plaintiffs assert, however, that "loss" must be equated with "damage" and that only in those incidents where the insured vehicle's damage is less than the actual cash value of the vehicle is application of the deductible permitted. Plaintiffs contend that the deductible does not apply where the vehicle cannot be repaired or where Allstate elects to treat the loss as total. This interpretation of the policy isolates the applicable provisions. A contract of insurance is to be interpreted from an examination of the complete document and not an isolated part or parts. (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 319 N.E.2d 491.) The interpretation espoused by plaintiffs fails to take into account other provisions of the policy which require application of the deductible to all collision claims regardless of the method of reimbursement or the measure of loss.

The collision deductible provision imposes upon Allstate the duty to indemnify the insured for all collision losses covered by the policy. Every recovery by an insured for a collision loss must result from the application of this provision. It expressly states that the deductible shall be subtracted from the amount of the loss sustained. In a subsequent provision of the policy "loss" is defined in pertinent part as "* * * direct and accidental loss of or damage to (a) the automobile, including its equipment * * *." Therefore, under the policy, loss may be, but is not limited to damage. It is an all-inclusive term which encompasses partial damage as well as total destruction of a vehicle.

The limits of liability provision sets out three alternative limits to Allstate's liability: actual cash value of the vehicle, the cost of repairing the vehicle, and finally the cost of replacing the vehicle. Where cost of repair or replacement is less than the actual cash value of the automobile, Allstate is obligated to pay only such repair or replacement cost. Allstate may look at the limits of liability provision to determine which limit is applicable. This provision must be read in conjunction with the collision deductible provision in order to ascertain the appropriate settlement to be made with the insured.

■■ Plaintiffs state that since the limits of liability provision fails to make reference to the deductible, the deductible is inapplicable when computing loss as the actual cash value of the vehicle. This argument ignores the principle which requires an insurance contract to be interpreted as a whole. (*Weiss v. Bituminous Casualty Corp.*) In addition to the authorization contained in the collision deductible provision, the declarations of each policy specifically provide that the amount of the deductible applies to "each occurrence." In the main body of the policy is a statement which expressly incorporates the declarations into the policy. Where the insurance contract is comprised of a policy and other papers or documents, they must be construed together in order to determine the meaning and effect of the contract. (*Metro Inter-Insurance Exchange v. Anthony* (1971), 1 Ill. App. 3d 612, 275 N.E.2d 296.) In the present case, the declarations demonstrate that Allstate is not obligated to pay the amount of the deductible in any collision occurrence, regardless of the loss sustained and of the method of reimbursement.

■■ Plaintiffs also contend that the presence of symbols and the use of phrases in lieu of sentences in the declarations requires a reversal of the trial court's grant of summary judgment and a remandment of the cause in order to determine the meaning of the symbols and phrases. In our view, the statements set forth in the declarations are clear in their meaning and do not present an ambiguity which requires resolution. The law demands that words be given their plain and ordinary meanings and that courts refrain from interpretations which result in distortions and create

ambiguities where none exists. (*Whaley v. American National Insurance Co.* (1975), 30 Ill. App. 3d 32, 331 N.E.2d 571; *Jenkins v. State Security Insurance Co.* (1978), 56 Ill. App. 3d 737, 371 N.E.2d 1203.) As to the use of "X's" in the margins of the declarations, we fail to find any evidence to support plaintiffs' contention that Allstate employs them as a code. As shown at the head of the column in which the "X" appears, its only significance is to show whether a particular declaration applies to the vehicle described at the head of that column. The deductible declaration occupies two lines and, therefore, only requires a single "X" to show its applicability to the designated vehicle. The phrases and symbols contained in the declarations do not require clarification.

■■ Plaintiffs have emphasized the necessity of finding the proper method of computation of loss: whether it should be the cost of repairs or the market differential method. We believe that in the present case the method of computation is irrelevant because the focus of the controversy is upon the applicability of the deductible to settlements for the actual cash value. Plaintiffs did not claim that Allstate had erroneously elected to settle the claims for the vehicle's actual cash value. They merely charged that in so doing, Allstate may not subtract the deductible. Accordingly the method of computing loss is not at issue and we will not construe that aspect of the policy.

Plaintiffs have cited cases from other jurisdictions to support their contention that collision losses may be measured only under the collision deductible provision of the policy. (See, *e.g., Traders and General Insurance Co. v. Williams* (1959), 229 Ark. 923, 319 S.W.2d 847; *Dependable Insurance Co. v. Gibbs* (1962), 218 Ga. 305, 127 S.E.2d 454.) Plaintiffs' reliance upon those cases is misplaced. In each case the court was concerned with the proper method by which to measure the insured's loss and, thus to ascertain the insurer's liability. As we have stated, the measure of loss here is irrelevant because plaintiffs have acknowledged the propriety of Allstate's election to settle the claims for the actual cash value of the vehicles. In none of the cases cited by plaintiffs did the insured raise the issue of when the collision deductible may be applied to a claimed loss. The authority cited by plaintiffs is inapposite to the present case.

Plaintiffs finally argue that in its pamphlet explaining the automobile insurance policy, Allstate recited it would pay collision claims in the manner urged by plaintiffs. Plaintiffs cite the following language in the pamphlet: "It pays all repair costs, less your deductible, up to the actual cash value of the car at the time of the accident." We note initially that the amended complaint is devoid of allegations that plaintiffs relied upon any representations in the pamphlet. Moreover, we fail to see any ambiguity

or misleading phrasing in the language used. The pamphlet clearly notified all policy holders that the deductible will be subtracted each time a collision loss is computed. It does not state that in the event the actual cash value is paid the deductible is not applicable.

■■ The language of the insurance policy is plain in its meaning: Allstate is authorized to subtract the deductible when computing collision loss reimbursements based upon the actual cash value of the insured automobile. The trial court correctly granted summary judgment in favor of Allstate.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI, P. J., and SIMON, J., concur.