442 So.2d 1020 (1983)
Jean SINGER, Appellant,
v.
Robert SINGER, Appellee.
No. 83-767.
District Court of Appeal of Florida, Third District.
November 29, 1983.
Rehearing Denied January 16, 1984.
*1021 Herbert A. Warren and Richard A. Warren, Miami, for appellant.
Hofricther & Quiat and Bette Ellen Quiat, Miami, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Mrs. Singer appeals the trial court's order ratifying and approving the Report of the General Master, granting her former husband's request to terminate her permanent alimony.
The underlying facts leading to this appeal began with the parties' divorce in 1969. The 1969 final divorce decree incorporated a property settlement agreement which, among other things, required the husband to pay $700 per month "alimony" to be reduced to $500 per month when the wife was no longer under psychiatric care. The agreement further provided that it "shall not be altered, extended, amended, or modified except by written memorandum duly executed by the parties."
In 1971, Mr. Singer filed a petition for modification. Finding a substantial change of circumstances in Mr. Singer's financial ability to pay alimony, the court entered an order reducing the alimony payments from $700 to $525 per month. Mrs. Singer did not raise the defense that the agreement provided that alimony was not modifiable unless agreed to by the parties or contend that the payments were not alimony, but were obligations incurred by the husband pursuant to the non-modifiable property settlement agreement. Furthermore, Mrs. Singer did not appeal the 1971 order modifying the alimony payments.
In August, 1972, Mr. Singer filed a second petition for modification. Although the trial court subsequently denied Mr. Singer's second petition, the record reveals that during its pendency, Mrs. Singer again failed to assert that the monthly support payments were non-modifiable.
In 1982, Mrs. Singer initiated the present proceedings by petitioning the court to hold Mr. Singer in contempt and for other relief for failure to make alimony payments to her in accordance with the agreement incorporated into the final judgment. She alleged that between 1978 and 1982, Mr. Singer was obligated to pay a total of $660 for monthly support, but paid only $530 per month for both alimony and child support, and that after 1982, he paid nothing. Mr. Singer responded by filing a complaint for modification alleging, in pertinent part, that he was entitled to a termination of alimony payments under the agreement because Mrs. Singer had acquired the capacity for self-support and was presently employed as a full-time legal secretary. Following an evidentiary hearing, the General Master entered his report finding, among other things:
That the Complaint for Modification filed by [the husband] seeking termination of permanent alimony to the Wife should be granted... . [because] there has been a substantial change of circumstances *1022 in the financial position of the Wife.
The trial court approved the general master's report and terminated the payment of alimony.
On appeal, Mrs. Singer argues that the trial court erred in terminating her permanent alimony because the property settlement agreement provides that it may not be modified without the written agreement of both parties and because the monthly support payments provided for by the agreement and labeled "alimony" are not alimony but terms of a property settlement agreement. Consequently, she asserts payments are not subject to judicial modification. We find it unnecessary to reach the merits of Mrs. Singer's contentions because we find that she has waived her right to advance these claims. As a general principle of law, the doctrine of waiver encompasses not only the intentional or voluntary relinquishment of a known right, but also conduct that warrants an inference of the relinquishment of a known right. See Arbogast v. Bryan, 393 So.2d 606 (Fla. 4th DCA 1981); Coleman v. American Bankers Insurance Company of Florida, 228 So.2d 410 (Fla. 3d DCA 1969); Fireman's Fund Insurance Company v. Vogel, 195 So.2d 20 (Fla. 3d DCA 1967); 22 Fla.Jur.2d § 86. Over the past 13 years the trial court has treated the monthly support payments required by the agreement as alimony subject to judicial modification and, until the institution of the present proceedings, Mrs. Singer failed to argue that her payments were not subject to modification as a matter of law. This court is therefore warranted in inferring that Mrs. Singer's conduct throughout the long course of these post-decretal proceedings waived her defense on that ground. Arbogast.
Next, we find no merit in the wife's argument that the general master abused his discretion by considering her share of the proceeds from the sale of the marital home as a basis for terminating the alimony payments. Our review of the record reveals the existence of competent evidence to support the trial court's determination that the wife's financial position has undergone a substantial change. A trial court's order regarding modification of alimony may not be disturbed on appeal in the absence of a showing of a clear abuse of discretion. Benz v. Benz, 355 So.2d 214 (Fla. 1st DCA 1978); Zammas v. Zammas, 328 So.2d 519 (Fla. 3d DCA 1976). Finding that the trial court did not abuse its discretion, we affirm the order below.
Affirmed.