889 So.2d 877 (2004)
MIRACLE CENTER ASSOCIATES, etc., Appellant/Cross-Appellee,
v.
SCANDINAVIAN HEALTH SPA, INC., etc., Appellee/Cross-Appellant.
No. 3D02-3314.
District Court of Appeal of Florida, Third District.
December 1, 2004.
Rehearing and Rehearing Denied December 1, 2004.
Richard J. Lee, Coral Gables, for appellant/cross-appellee.
Richman Greer Weil Brumbaugh Mirabito Christensen and Lyle E. Shapiro and Mark A. Romance, Miami, for appellee/cross-appellant.
Before FLETCHER, RAMIREZ, and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied December 1, 2004.

ON REHEARING DENIED
FLETCHER, Judge.
We withdraw our opinion filed July 14, 2004 and substitute the following.
In this action for accounting and rent adjustment both the landlord, Miracle Center Associates [Miracle], and the tenant, Scandinavian Health Spa, Inc. [Tenant], *878 appeal from the final judgment entered by the lower court after a non-jury trial.
Beginning in 1989, the Tenant leased space from Miracle at the Miracle Center Mall. Under the 30-year lease, the Tenant was to pay a fixed monthly rental, plus a proportionate share of annual common area expenses. According to the lease, the proportionate share is the ratio of the gross floor area of the Tenant's space to the gross leasable floor area of the entire complex.
The procedure for payment of the common area costs is set forth in Section 6.05 of the lease agreement. Miracle was required to give the Tenant a written estimate of the common area costs prior to each rental period, which amount the Tenant was to pay in equal monthly installments. Within 90 days after the end of each calendar year, Miracle was to furnish the Tenant a statement detailing the actual costs for the preceding year, at which time adjustments were to be made if necessary. Each calendar year from 1989 through 1999, Miracle delivered to the Tenant written estimates of the latters proportionate share of common area costs showing the gross floor area of the Tenant's space as 27,935 square feet, and the total leasable floor area of the center as 182,072 square feet. In accordance with the ratio formula set forth in the lease, the Tenant's proportionate share of the common area costs was calculated at 15.34%.
In 2000, the Tenant filed suit against Miracle claiming it was due a refund for certain incorrectly charged common area costs for the years 1995 through 1999. Miracle counterclaimed alleging that from 1989 to 1999, due to a computer-generated error, it had inadvertently failed to include 31,941 square feet more in the proportionate share calculations. Miracle claimed that the correct proportionate share of common area costs for the Tenant for the eleven years (1988-1999) should have been 27.99% and, therefore, Miracle was entitled to recover a substantial sum from the Tenant. During the course of the non-jury trial, the parties settled the Tenant's claim against Miracle, leaving only the counterclaim to be resolved. The trial court's resolution was that Miracle take nothing by its counterclaim.
Although Miracle challenges the trial courts ruling on various grounds we only address one, the question of waiver. After reiterating that Miracle had, for 11 years, not included the additional square footage in the expense bill, the trial court found:
"It matters not whether the landlord mistakenly omitted the roof-top in calculating [common area expenses] or did so intentionally, with evidence to support both theories before the court, the result is the same. [Miracle] waived its right to include the ... area for the purpose of calculating common area expenses under ... [Section 6.05 of the lease]." [e.s.]
It has consistently been held that waiver encompasses not only the intentional or voluntary relinquishment of a known right, but also conduct that warrants an inference of the relinquishment of a known right. In Singer v. Singer, 442 So.2d 1020, 1022 (Fla. 3d DCA 1984) this court stated:
"We find it unnecessary to reach the merits of Mrs. Singer's contentions because we find that she has waived her right to advance these claims. As a general principle of law, the doctrine of waiver encompasses not only the intentional or voluntary relinquishment of a known right, but also conduct that warrants an inference of the relinquishment of a known right.... Over the past 13 years the trial court has treated the monthly support payments required by *879 the agreement as alimony subject to judicial modification and, until the institution of the present proceedings, Mrs. Singer failed to argue that her payments were not subject to modification as a matter of law. This court is therefore warranted in inferring that Mrs. Singer's conduct throughout the long course of these post-decretal proceedings waived her defense on that ground." [citations omitted].
In Torres v. K-Site 500 Assocs., 632 So.2d 110, 112 (Fla. 3d DCA 1994) we wrote:
"A party may waive any rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished."
In Thomas N. Carlton Estate v. Keller, 52 So.2d 131, 133 (Fla.1951) the Supreme Court held that a "waiver may be inferred from conduct or acts putting one off his guard and leading him to believe that a right has been waived." In Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (1945) the Supreme Court made it clear that a party may waive any right to which he is legally entitled, including those secured by contract. The First District Court later reiterated the same principle in Bd. of County Comm'rs of Jackson County v. Internat'l Union of Oper. Eng'rs, 620 So.2d 1062 (Fla. 1st DCA 1993), as did this court in Miami Dolphins, Ltd. v. Genden & Bach, P.A., 545 So.2d 294 (Fla. 3d DCA 1989). The trial court concluded that Miracle's long term inaction qualifies as a waiver. We find no reason to disagree and thus affirm the appeal.
The Tenant cross-appeals the judgment below because of the trial court's findings involving future billing for the additional square footage area. The judgment includes statements such as the following: "However, for the remaining years of the lease, if the current owner of the shopping center ... follows the clear terms of the lease in billing common area expenses, it will be entitled to receive from the Tenant a payment of common area expenses which includes all of the Tenant's leased premises in the calculations." These statements are not necessary to the trial courts holding that Miracle waived its right to recoup additional costs for 1989 through 1999 which was the sole issue before the court. We find these statements to be mere dicta, not binding on either party. They need not be addressed herein.