# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0895
Lower Tribunal No. 18-29219-FC-04
_____

**Remy E. Gutierrez,**
Appellant,

vs.

**Hilda Gutierrez,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Marlene Fernandez-Karavetsos, Judge.

Kelley Kronenberg, and Aislynn Thomas-McDonald, and Brittany N. Miller, for appellant.

Filler Rodriguez, LLP, and Catherine M. Rodriguez (Miami Beach); Law Office of Anastasia M. Garcia, P.A., and Anastasia M. Garcia, for appellee.

Before MILLER, LOBREE, and GOODEN, JJ.

MILLER, J.

Appellant, Remy E. Gutierrez, the former husband, appeals from an order denying his motion for attorney's fees and costs at the request of appellee, Hilda Gutierrez, the former wife. The former husband is a schoolteacher, and on appeal he asserts the trial court erred in imputing potential summer income in denying his motion. It is true that the challenged order stated he had the ability to obtain additional employment in the summer months. But it is equally true that the judge further expressly disclaimed any reliance on this factor in adjudicating the motion. See Bunn v. Bunn, 311 So. 2d 387, 389 (Fla. 4th DCA 1975) (explaining that gratuitous judicial observations having no bearing on the outcome of a dispute are "obiter dictum"); Miracle Ctr. Assocs. v. Scandinavian Health Spa, Inc., 889 So. 2d 877, 879 (Fla. 3d DCA 2004) (noting statements "not necessary to the trial court[']s holding" are "mere dicta, not binding on either party"). Because we conclude that the findings below are otherwise supported by competent, substantial evidence, we are constrained to affirm. See Rosen v. Rosen, 696 So. 2d 697, 699 (Fla. 1997) (trial courts must consider the relative financial resources of the parties, and "must look to each spouse's need for suit money versus each spouse's respective ability to pay"); Quigley v. Culbertson, 279 So. 3d 1260, 1261 (Fla. 3d DCA 2019) (holding that rulings

on attorney's fee motions are reviewed for abuse of discretion and any award must rest on competent, substantial evidence).

Affirmed.