MANN, Judge.
In our progress toward equality of gastronomic opportunity for all Americans, Franchise Freeway has bypassed Main Street. The Jensens operate a DiPaolo’s Italian Food Delicatessen under franchise from appellee. Appellee controls the style of everything from neon to napkins, including prices.
“The Franchisor will control the retail price sales of all of the above categories of products with the following restrictions :
“a. The items in category one, above, will be sold only at such prices as to allow the Franchisee at least a 25% gross profit on retail sales.
“b. The items in category two above will be purchased and sold at controlled retail prices to Franchisee allowing at least a 40% gross profit margin on retail sales, including the sale of items in category one above.
“It is further understood between the parties that in no event will the prices controlled by the Franchisor be such as to cause the Franchisee to have a gross overall profit of less than 40% on all of the items combined and that both parties covenant and agree to cooperate with each other from time to time in the adjustment of prices during the life of this franchise, that is to say: items sold to Franchisee by Franchisor in their overall aggregate will be sold at retail so as to yield overall no less than 40% above the cost to Franchisee. The Franchisor hereby warrants and guarantees that the retail prices for items controlled by Franchisor will not deviate, be unreasonably increased and that in no event will retail prices in other stores be lower than the prices required of the Franchisee.”
Appellants say they don’t know what this means and seek a declaratory judgment and damages for failure of the franchisor to adjust the franchisees’ obligation so as to yield the guaranteed gross profit. The franchisor’s motion to dismiss states, in successive paragraphs, that there is 1) no genuine doubt as to the meaning of the agreement and 2) that measuring gross profit as a percentage of cost (franchisees allege that it is measured as a percentage of sales) the franchisees’ own figures show that their gross profit exceeds forty per cent. The trial judge granted the motion to dismiss without prejudice to the franchisees’ seeking any other remedy, reciting that they have not shown jurisdiction for a declaratory action.
We disagree. The second paragraph of the motion to dismiss clearly discloses a difference in interpretation of the contract, and the document is hardly a model of draftsmanship. It is clearly unclear, and our declaratory judgment law gives a right to seek interpretation of contracts in the circuit court in such a circumstance. Fla. Stat. § 86.011, F.S.A. The law is to be liberally construed. Fla.Stat. § 86.101 (1969), F.S.A. The existence of another remedy is not disqualifying. Fla.Stat. '§ 86.111 (1969), F.S.A. These parties have a continuing relationship under this contract and are entitled to know what it means. Bor-chard, Declaratory Judgments 554 et seq. (2d ed. 1941); Coast Cities Coaches, Inc. v. Whyte, Fla.App. 1958, 102 So.2d 848; *515 May v. Holley, Fla.1952, 59 So.2d 636; Cf. Anno., 172 A.L.R. 847.
Reversed and remanded.
LILES, A. C. J., concurs.
PIERCE, J., agrees to conclusion.