545 So.2d 294 (1989)
MIAMI DOLPHINS, LTD. and Dolphins Stadium Corporation, Appellants,
v.
GENDEN & BACH, P.A. and Ed Gorman, Inc., Appellees.
No. 87-2715.
District Court of Appeal of Florida, Third District.
April 4, 1989.
Rehearing Denied July 14, 1989.
Stroock and Stroock and Lavan, Miami, for appellants.
Magill & Lewis and Fred Lewis, Miami, for appellees.
Before BARKDULL,[*] NESBITT and LEVY, JJ.
PER CURIAM.
Miami Dolphins, Ltd. and Dolphin Stadium Corporation appeal declaratory relief granted ticket holders Genden & Bach, P.A. and Ed Gorman, Inc. We affirm.
In August 1987, appellees entered into a ten-year club seat license agreement with appellants granting appellees the exclusive use and possession of certain club seats at the Joe Robbie Stadium. The fee was $8,000 for ten years which averages out to $80.00 per seat per game. The agreement included the following provision for abatement of fee in the event of a game's cancellation:
9. Strikes, Damages, Destruction, Etc.

In the event of any strike or other labor disturbance which results in the cancellation of any scheduled stadium game or event ... the License Fee payable hereunder shall, ... be abated during *295 the period of time that the seat is unusable... . Any such abatement shall be offset against the next succeeding installment of the License Fee payable by Licensee... .
In September 1987, the National Football League Players Union went on strike. The Dolphins' first home game was cancelled; the remaining games were scheduled to be played with replacement players. They played one home game on October 11 before the strike was settled. On October 7, when it became apparent that settlement was not imminent, the Dolphin Stadium Corporation announced a refund policy whereby club seat licensees could elect a credit of $40.00 per seat for each ticket returned prior to the game. On October 8, appellees filed a complaint for a declaratory decree against the Miami Dolphins, Ltd., and amended that complaint October 9 to include appellant Dolphin Stadium Corporation. Appellees alleged that they were in doubt as to their rights under the license agreement to a full rather than partial abatement and were therefore entitled to declaratory relief.
At an emergency hearing, appellees argued for an immediate determination of their rights to a full fee abatement for unused tickets to the October 11 game, stating that the court's decision was required in order for appellees to make an informed decision as to whether to attend the game. At the hearing, the parties agreed that the fee abatement on unused tickets could be procured after the date of the game, thus, appellants argued, no emergency existed. Additionally, however, in the course of this hearing, the parties, on their own initiative, proposed to stipulate to certain facts; make short presentations of their positions; and allow the judge to decide the issue on the merits at his leisure. That proposed procedure was followed and on October 13, the trial court awarded final declaratory relief in plaintiffs' favor.[1] We affirm that decision.
Appellants claim three points of error on appeal: first, that declaratory relief was improperly granted; second, that the court rewrote the club seat leasing agreement; and third, that appellants' due process rights were violated. We disagree with each of these contentions based on the following briefly stated analysis.
First, the trial court's decision by way of declaratory relief was not improper. The parties disputed the correct interpretation of the license agreement's fee abatement provision. The meaning of that provision of the contract was unclear and our declaratory judgment law gives a right to seek interpretation of contracts in the circuit court in such circumstances. § 86.011, Fla. Stat. (1987). That law is to be liberally construed. § 86.101, Fla. Stat. (1987). The existence of another remedy is not disqualifying. § 86.111, Fla. Stat. (1987). These parties have a continuing relationship under the contract and are entitled to know the provision's meaning. See May v. Holley, 59 So.2d 636 (Fla. 1952); Jensen v. Dipaolo's Italian Foods Co., 244 So.2d 513 (Fla. 2d DCA 1970); Coast Cities Coaches, v. Whyte, 102 So.2d 848 (Fla. 3d DCA), appeal dismissed, 106 So.2d 198 (Fla. 1958), cert. denied, 359 U.S. 310, 79 S.Ct. 880, 3 L.Ed.2d 832 (1959);
Second, the trial court did not rewrite the club seat leasing agreement. Appellants interpreted the fee abatement provision to apply only to the absolute cancellation of a game. Appellees claimed that a game such as the October 11 game, played with all replacement players, constituted a cancellation and therefore appellees were entitled to the abatement of the full seat price as provided in the agreement. The trial court did not err in interpreting the contract as it did under the circumstances presented. When a contract is ambiguous, uncertain, or susceptible to multiple constructions, the trial judge is empowered to reach a proper construction which removes the uncertainty. See, e.g., Underwood v. Underwood, 64 So.2d 281 (Fla. 1953); Florida *296 Power Corp. v. City of Tallahassee, 154 Fla. 638, 18 So.2d 671 (1944); Holmes v. Kilgore, 89 Fla. 194, 103 So. 825 (1925).
Finally, we address appellants' claims that their due process rights were violated by the circuit court when it rendered its decision before appellants had the opportunity to answer appellees' complaint and without time allowed for discovery. We find that appellants waived these rights by in-court stipulation. Generally, one can waive any contractual, statutory or constitutional right. Kilpatrick v. McLouth, 392 So.2d 985 (Fla. 5th DCA 1981); see Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985). The doctrine of waiver can encompass not only the intentional or voluntary relinquishment of known rights, but also conduct that warrants an inference of the relinquishment of those rights. Singer v. Singer, 442 So.2d 1020 (Fla. 3d DCA 1983); see Arbogast v. Bryan, 393 So.2d 606 (Fla. 4th DCA 1981); Fireman's Fund Ins. Co. v. Vogel, 195 So.2d 20 (Fla. 2d DCA 1967).
At the emergency hearing, counsel for appellees suggested that a stipulated agreement, as to facts and procedures might be reached in order to facilitate the judge's determination of the merits of the case. Off the record, the parties negotiated the stipulation. Returning to the record, counsel for each party requested the court to decide the case on its merits. The proffered testimony as to the stipulation of counsel for the parties demonstrates this unassailable conclusion.
MR. GENDEN (representing appellees): Your Honor, we have a potential stipulation, not a settlement, but a stipulation for Your Honor to consider.
We will stipulate to the facts in the case. We will stipulate to certain things, which we will announce when Your Honor considers our proposal. We will then argue the law that we have with us today.
... .
And Your Honor can rule on this case today, tomorrow or next week whenever Your Honor feels that he wants to rule.
Then we will argue the case on the merits and Your Honor will go ahead and make a ruling.
If Your Honor seeks to do other research, in addition to what we have 
MR. SHEVIN (representing appellants): Not insisting that he gets a ruling by today or tomorrow.
MR. GENDEN: And that way he can argue his case and I can argue my case and Your Honor can rule on the merits.
... .
THE COURT: And you are at this point stipulating not only to these plaintiffs, but to any box holders, season box holders?
MR. GENDEN: Club seats.
MR. SHEVIN: Club seats.
THE COURT: Club seats.
You are not answering, Mr. Shevin.
MR. SHEVIN: Yes, sir. The answer is yes.
Having so clearly waived their right to answer and discovery, appellants cannot now complain that such waiver was improper or ineffective.
Accordingly, the judgment under review is affirmed.
NOTES
[*] Judge Barkdull participated in the opinion but did not hear oral argument.
[1] The declaratory decree stated in part:

(e) That Plaintiffs shall be entitled to a full credit in the amount of $80.00 per seat per ticket to be applied toward the next year's payment under said contract.