PER CURIAM.
Appellant, Former Husband, appeals a final judgment of dissolution of marriage and order denying his motion for rehearing. Former Husband raises four issues: 1) whether he is entitled to a new final hearing because of the delay between the trial court’s oral pronouncements and the final judgment; 2) whether the amount of permanent periodic alimony is supported by the evidence; 3) whether the amount of attorney’s fees the court ordered Former Husband to pay on Former Wife’s behalf is supported by the evidence; and 4) whether the court abused its discretion in ordering Former Husband to procure $500,000 in life insurance to secure his alimony and child support obligations.[1] For the reasons explained below, we reverse and remand as to the first and second issues. We affirm the attorney’s fee award without further comment. Finally, because of our holding as to the first and second issues, and based on Former Wife’s concession that the amount of insurance the court ordered Former Husband to pay exceeds what is available to him, we remand for the trial court to adjust the amount of insurance Former Husband must procure to secure his alimony obligation.

Factual and Procedural Background

The trial court conducted a final eviden-tiary hearing to address dissolution of the parties’ 21-year marriage as well as the issues of equitable distribution of the parties’ assets and liabilities, property, alimo *28 ny, child support, and attorney’s fees. At the conclusion of the hearing, the trial court made various oral pronouncements on some of these issues, and instructed the parties’ attorneys to submit proposals regarding the type and amount of alimony Former Husband was to pay Former Wife. For reasons unclear from the record, ten months elapsed before the trial court entered its final judgment. That judgment included a number of findings and orders that conflicted with the court’s oral pronouncements, prompting Former Husband to file a motion for rehearing seeking a new hearing or reconciling the court’s judgment with its oral pronouncements.
After the parties failed to resolve any issues concerning the discrepancies between the court’s oral pronouncements and the final judgment, the parties stipulated to having a successor judge review the transcript of the final hearing and issue a ruling based on the transcript and the arguments of counsel. The court issued an order denying Former Husband’s motion for rehearing, finding that the final judgment was not inconsistent with the predecessor judge’s oral pronouncements, and that, “based upon the entirety of the record the rulings of the judge do not fall outside the bounds of his judicial discretion from the evidence submitted at trial.” As discussed below, the court’s finding that there were no discrepancies between the oral pronouncements at the final hearing and the final judgment is contrary to the face of the record.
At the outset, because the parties stipulated to having the successor court resolve the discrepancies between the predecessor court’s oral pronouncements and its final judgment and address the other issues Former Husband raised in his motion for rehearing, he is not entitled to a new evidentiary hearing based on the delay between those pronouncements and the final judgment and the discrepancies between the two. See Miami Dolphins Ltd. v. Genden & Bach, P.A., 545 So.2d 294, 296 (Fla. 3d DCA 1989) (recognizing that, “ [generally, one can waive any contractual, statutory or constitutional right.”) This holding, however, does not preclude the court from doing so on remand should the parties stipulate to a new hearing or if the court should determine that one is necessary to resolve any of the issues we are instructing to resolve on remand. In that regard, contrary to the court’s finding, it is clear from the record that there were several significant discrepancies between the oral pronouncements at the conclusion of the final hearing and the final judgment: disposition of the marital home, distribution of the parties’ debts, and distribution of certain personal property.
At the hearing, and with Former Wife’s agreement, the court decided that Former Husband would pay the mortgage, taxes, and insurance for the marital home as satisfaction of his child support obligation until the parties’ youngest child reaches majority (an event that has since occurred) and that, within six months of that event, the home would be sold. In the final judgment, however, the court awarded Former Wife full possession of the home and ordered Former Husband to transfer his ownership share to her. With respect to distribution of the parties’ debts and personal property, despite having had the opportunity to do so at mediation, Former Wife now concedes that the debt obligations and personal property distribution should be in accordance with the trial court’s oral pronouncements. Thus, on remand, in addition to modifying the judgment to comport with the predecessor court’s oral pronouncements with respect to disposition of the marital home, the court should also modify the judgment to reflect these stipulations.
*29 With respect to the trial court’s alimony judgment, although Former Husband no longer contests the court’s finding that Former Wife is entitled to permanent periodic alimony, he does contest the amount of that alimony, arguing, essentially, that the amount was based on an erroneous calculation of need which, in turn, was based on an erroneous calculation of Former Wife’s expenses. We agree.
The court gave no basis for the specific amount of $3,750.00 per month awarded beyond a finding that the parties had each acquired various debts. This alone warrants reversal and remand. See Kemmet v. Kemmet, 885 So.2d 408, 409 (Fla. 1st DCA 2004) (“Because the trial court did not make the findings of fact mandated by section 61.08(1), Florida Statutes (2003), regarding the amount of alimony it awarded and we are unable to divine from the record how it arrived at the amount ... we reverse the alimony award and remand for the required findings.”). Also, presumably the amount of need the court calculated included the mortgage, taxes, and insurance payments on the marital home. As discussed earlier, however, in the court’s oral pronouncements, it found Former Husband was responsible for those expenses and, even then, only until the house was sold within six months of the youngest child reaching majority. Furthermore, as we have already addressed, the court’s oral pronouncement with respect to the parties’ other respective debt obligations differed from what the court included in the final judgment. And, as Former Husband argues, Former Wife admitted at trial that Former Husband was actually paying a number of the debts she included on her financial affidavit as her own debts. Finally, it is unclear whether the trial court considered that it also awarded Former Wife 33% of Former Husband’s monthly military pension when it determined the alimony award. Because of these deficiencies in the final judgment, none of which were addressed by the successor court, we reverse the alimony judgment and remand for the court to assess this amount in light of the aforementioned discrepancies between the oral pronouncements and written judgment, including debt allocation, mortgage responsibility, and disposition of the marital home.
The trial court also ordered Former Husband to purchase $500,000 in life insurance coverage to insure payment of his obligations. Former Wife agrees this amount was in error because it exceeded the amount of insurance available to Former Husband. Thus, on remand, the trial court is instructed to modify the final judgment to reflect a correct amount of life insurance for which Former Husband is obligated to purchase and maintain, giving due consideration to current circumstances.
REVERSED in part, AFFIRMED in part, and REMANDED with instructions.
THOMAS, ROBERTS, and ROWE, JJ., concur.

. By the time this case reached this court, the child support issue became moot because the parties’ children had reached the age of majority.