DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EVERGREEN LAKES HOA, INC.,**
Appellant,

v.

**LLOYD'S UNDERWRITERS AT LONDON,** A/K/A **UNDERWRITER'S AT LLOYD'S, LONDON,**
Appellee.

No. 4D16-2657

[October 18, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. CACE 06-19403 (21).

Nancy A. Lauten and George A. Vaka of Vaka Law Group, P.L., and Kelly L. Kubiak of Merlin Law Group, Tampa, for appellant.

Patrick E. Betar, William S. Berk and Melissa M. Sims of Berk, Merchant & Sims, PLC, Coral Gables, for appellee.

BUCHANAN, LAURIE E., Associate Judge.

Evergreen Lakes HOA, Inc. ("Evergreen") appeals the trial court's entry of final summary judgment in favor of Lloyd's Underwriters at London a/k/a Underwriter's at Lloyd's London ("Underwriters") in Evergreen's bad faith lawsuit against Underwriters. The trial court found that Evergreen did not timely send Underwriters a Civil Remedies Notice ("CRN") as required by section 624.155(3), Florida Statutes (2006) and, therefore, could not maintain its bad faith cause of action. Because the record undisputedly establishes that Underwriters received Evergreen's CRN nearly four years before Evergreen filed its bad faith suit and responded to the CRN without challenging its service, we reverse and remand.

This case stems from an insurance claim made by Evergreen after its property sustained damage in 2005's Hurricane Wilma. Evergreen became dissatisfied with Underwriters' handling of its claim and drafted a CRN on the form provided by the Florida Department of Financial Services ("DFS") in July of 2006. Evergreen mailed a copy of the CRN to DFS and claims

to have also mailed a copy to Underwriters at its address as identified in DFS's insurer database. DFS accepted the CRN as of August 15, 2006 and sent out a notice providing that "the sixty (60) day time period required by Florida Statutes 624.155(3)(a) began to run as of the date of acceptance." Underwriters replied to the CRN before the sixty day time period lapsed and in its response, challenged the sufficiency of the CRN. Underwriters did not, however, raise any issues with the service of the CRN or otherwise challenge the DFS acceptance date of August 15, 2006.

Nearly four years later, Evergreen sued Underwriters for bad faith. Evergreen's bad faith claim was abated for several more years pending resolution of Evergreen's underlying breach of insurance policy claim. The bad faith litigation eventually resumed in 2013 and subsequent discovery revealed that the address Evergreen sent its CRN to may not have been Underwriters' correct address. However, it also established that, at the latest, Underwriters' counsel was in receipt of the CRN by October 2, 2006. Nonetheless, Underwriters moved for summary judgment, arguing that Evergreen could not prove that Underwriters received the CRN on or before the DFS acceptance date and therefore, Evergreen's bad faith claim was precluded. The court agreed with Underwriters and entered summary judgment in its favor. We review the court's entry of summary judgment de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000).

Prior to 1982, an insured in Florida had no common law cause of action for bad faith against its insurer and was instead confined to breach of contract damages. *Talat Enters., Inc. v. Aetna Cas. & Sur. Co.,* 753 So. 2d 1278, 1281 (Fla. 2000). This changed upon the Legislature's adoption of section 624.155, the civil remedy statute of the Florida Insurance Code. *Id.* Now, an insured may, among other reasons, sue its insurer for "not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." § 624.155(1)(b)1., Fla. Stat. (2006).

As a condition precedent to an insured filing such a suit, however, "the department and the authorized insurer must have been given 60 days' written notice of the violation." § 624.155(3)(a), Fla. Stat. (2006). Because there was no first-party common law cause of action for bad faith before the enactment of section 624.155, the Florida Supreme Court has instructed that this notice condition "must be strictly construed." *Talat,* 753 So. 2d at 1283. To that end, the statute provides that the notice must "be on a form provided by the department" and must specify the following:

2

1. The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.

2. The facts and circumstances giving rise to the violation.

3. The name of any individual involved in the violation.

4. Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

5. A statement that the notice is given in order to perfect the right to pursue the civil remedy authorized by this section.

§ 624.155(3)(b), Fla. Stat. (2006).

In 2006, the statute did not contain any guidance as to how (e.g. via email, certified mail, etc.) the insurer must be "given" the CRN.[1] However, the statute did clarify that the CRN is meant to serve as an opportunity for the insurer to cure the alleged violation and thereby avoid civil litigation. § 624.155(3)(d), Fla. Stat. (2006) ("No action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected.").

Here, there is no dispute that both DFS and Underwriters were "given" a copy of Evergreen's CRN, which was on the form provided by DFS, more than 60 days before Evergreen filed its bad faith suit. Indeed, Underwriters had almost four years to cure the alleged violation before it was sued for bad faith. Underwriters acknowledges this fact, but argues that summary judgment was still appropriate because, due to Evergreen's mailing error, it did not have the benefit of the full 60 day cure period as governed by the DFS acceptance date. Even if we were to construe section 624.155 as requiring that the insurer be "given" a copy of the CRN on or before the DFS acceptance date, Underwriters waived compliance with any such requirement by responding to the CRN within 60 days of the DFS acceptance date without challenging its timely receipt of the CRN. *See,*

---

[1] In 2009, DFS created an administrative rule requiring CRNs to be electronically submitted through DFS' website. Fla. Admin. Code R. 69J-123.002 (2009).

*e.g.*, *Ingersoll v. Hoffman*, 589 So. 2d 223, 224 (Fla. 1991) (holding that "failure to comply with the prelitigation notice requirements of [the medical malpractice statute] may be excused by a showing of estoppel or waiver" even though "[t]he presuit notice and screening requirements of [the statute] represent more than mere technicalities"); *Schumacher v. Town of Jupiter*, 643 So. 2d 8, 9 (Fla. 4th DCA 1994) (holding that although "strict compliance with statutory notice requirements [for amending a zoning ordinance] is mandatory and jurisdictional, a contesting landowner may waive the right, or be estopped, to assert a defect in the notice if that landowner appeared at the hearing and was able to fully and adequately present any objections to the ordinance").

Based on the foregoing, we hold that the court erred in granting Underwriters' motion for summary judgment based on its lack of proper notice argument. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER and LEVINE, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**

4