DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLA BAY,**
Appellant,

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION,**
Appellee.

No. 4D19-3332

[October 21, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE18-023962.

George A. Vaka and Nancy A. Lauten of Vaka Law Group, Tampa, and Kelly L. Kubiak of Merlin Law Group, Tampa, for appellant.

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami, and Kristen M. Van Der Linde of Boyd & Jenerette, P.A., Jacksonville, for appellee.

GERBER, J.

The insured appeals from the circuit court's final order granting the insurer's motion to dismiss her amended complaint for bad faith with prejudice.  She argues the circuit court erred in finding her civil remedy notice was ineffective as a matter of law because she misidentified the insurer as "USAA Casualty Insurance Company" instead of "United States Automobile Association" or "USAA."  She also argues the circuit court further erred in not finding the insurer waived this argument by not raising the argument in its response to the civil remedy notice.

While we agree with the circuit court's finding that the misidentification failed to strictly comply with section 624.155, Florida Statutes (2017), we conclude the circuit court erred in not finding that the insurer waived this argument by not raising the argument in its response to the civil remedy notice.  Therefore, we reverse the circuit court's final order granting the insurer's motion to dismiss the insured's amended complaint for bad faith with prejudice.

We present this opinion in six parts:
1. The insured's amended complaint;
2. The insurer's motion to dismiss;
3. The insured's response to the motion to dismiss;
4. The circuit court's order granting the motion to dismiss;
5. The parties' arguments on appeal; and
6. Our review.

## 1. *The Insured's Amended Complaint*

The insured's amended complaint alleged as follows. The insured purchased a homeowner's policy which insured her home. While the policy was in effect, a hurricane damaged the insured's home. The insured timely reported the loss to the insurer. According to the insured, the insurer then "grossly undervalued the claim," "admitted that the loss was covered but underpaid the claim," and "refused to negotiate the damages." An appraisal panel found damages in the insured's favor, further supporting the insured's allegation that the insurer "lowballed this claim."

The amended complaint further alleged that, as a condition precedent to bringing the bad faith action, the insured had filed a civil remedy notice with the Department of Financial Services and the insurer. The Department accepted the civil remedy notice, and the insurer filed a response to the civil remedy notice. Within sixty days of the Department's acceptance of the civil remedy notice, the insurer "did not pay damages or correct the circumstances" leading to the civil remedy notice. Thus, according to the insured, the insurer committed bad faith in adjusting the insured's claim, in violation of sections 624.155(1)(b)1. and 626.9541(1)(i), Florida Statutes (2017).

The insured's civil remedy notice, and the insurer's response thereto, both of which were attached to the insured's amended complaint, are pivotal to this appeal.

The insured's civil remedy notice misidentified the insurer as "USAA Casualty Insurance Company." (The insured's policy was with "United Services Automobile Association," also known simply as "USAA").

The insurer's online response was completed by a person whose user ID ended with the domain name "usaa.com," without any further identifying information as to which USAA entity he represented. The response stated:

2

As an initial matter, the CRN lacks the specificity required by §624.155(3)(b), Fla. Stat. The Department of Financial Services should have rejected and returned the CRN based upon that deficiency. Further, the CRN fails to provide certain facts and circumstances giving rise to [the insured's] stated allegations. Notwithstanding the lack of specificity, and without waiving any objections to, or remedies or defenses available to USAA because of those deficiencies or otherwise, USAA denies each and every allegation of insurer violation or wrongdoing set forth in the CRN. USAA has complied with the provisions of its policy and Florida law in addressing the above[-]referenced claim.

USAA received notice of this loss, due to Hurricane Irma, on 09-16-17. The applicable Hurricane Deductible, under the subject policy, is $8,000.

USAA inspected the loss location, and the damage claimed, on 09-28-17.

The total covered damage captured by USAA was noted as $3,111.55 under Dwelling Coverage and $162.94 under Other Structures Protection Coverage for a gross total of $3,274.49 in covered damage.

The total covered damage does not exceed our insured's noted $8,000 Hurricane Deductible for this loss.

USAA issued a written formal denial for this loss, to our insured, due to the loss having not exceeded the referenced Hurricane Deductible on 10-06-17.

USAA Field Appraiser [name deleted] re-inspected this loss on 12-07-17 and again, noted that potential covered damages did not exceed the noted applicable Hurricane Deductible. [The field appraiser] is currently assigning an engineer to examine the purported scope of damages claimed.

As can be seen above, the insurer identified itself as "USAA" eight times in its response, but did not argue the insured's civil remedy notice was deficient because the insured had misidentified the insurer as the separate entity known as "USAA Casualty Insurance Company." Instead, the insurer's response argued other alleged deficiencies in the civil remedy notice, and otherwise disputed the insured's claim on the merits.

3

## 2. *The Insurer's Motion to Dismiss*

The insurer filed a motion to dismiss the insured's amended complaint with prejudice on two grounds: (1) the insured failed to file the civil remedy notice against the proper entity; and (2) the insured's amended complaint failed to state a cause of action.

On the first ground, the insurer argued "[t]he property was insured by UNITED SERVICES AUTOMOBILE ASSOCIATION ('USAA')," but the insured filed the civil remedy notice "against the incorrect entity, USAA CASUALTY INSURANCE COMPANY ('USAA CIC')." The insurer further argued:

> USAA, the correct entity, timely responded to the CRN to protect its interests but the response is in no way a waiver of the statutory requirements of section 624.155. ... USAA was not afforded proper notice and time to cure any alleged bad faith violations because [the insured] failed to strictly comply with the requirements of section 624.155. Thus, [the insured's] Amended Complaint should be dismissed with prejudice.

To support the argument that a court could dismiss a bad faith action where the insured failed to file the civil remedy notice against the correct entity, the insurer relied upon two federal district court cases – *Lopez v. Geico Casualty Co.*, 968 F. Supp. 2d 1202 (S.D. Fla. 2013) (dismissing the insured's bad faith action against her insurer, because the insured filed her civil remedy notice against the insurer's related entity, not her insurer), and *Sandalwood Estates Homeowner's Association v. Empire Indemnity Insurance Co.*, 665 F. Supp. 2d 1355 (S.D. Fla. 2009) (dismissing the insured's bad faith action against its insurer's parent company, because the insured filed its civil remedy notice against its insurer, not the insurer's parent company).

On the second ground of failure to state a cause of action, the insurer argued the insured's civil remedy notice had "failed to state with specificity the facts and circumstances giving rise to the alleged violation as required by section 624.155(3)(b)(2)."

## 3. *The Insured's Response to the Motion to Dismiss*

The insured filed an amended response to the insurer's motion to dismiss. In the amended response, the insured raised three arguments:

(1) the insurer had waived any right to attack the civil remedy notice's insufficiency as to both the insurer's name and the insurer's alleged statutory violations; (2) the Department's acceptance of the civil remedy notice demonstrated the insured satisfied the statutory requirements for a sufficient notice; and (3) the civil remedy notice was sufficient on its face.

To support the first argument, the insured cited the following facts:

> USAA's response did not dispute that USAA received the CRN filed by [the insured] despite that [the insured] wrote "USAA Casualty Insurance Company" once in the CRN. In fact, USAA called itself "USAA" throughout its own response and likewise did not object to, or otherwise dispute, the entity name or name of the claimant. No dispute was raised as to the accuracy of the claim or policy number. USAA never even alleged that it could not identify the claimant or policy at issue.

> Instead, USAA submitted a response to the CRN that cited to its own policy provisions and named the field inspector who inspected the Property. The CRN even acknowledged that USAA inspected the property on September 28, 2017.

Based on those facts, after citing the common law definition and elements of "waiver," the insured argued:

> USAA could have notified [the Department] of its specific objection(s) to the CRN but [USAA] did not do so. Instead, USAA responded to the CRN. [USAA] acknowledged receipt of the notice of violations and identified the correct policy and claim. [USAA] even admitted to having notice of the reported claim by describing the inspections USAA performed at the property by the field adjuster. Here, because [USAA] failed to raise these challenges with the [Department], and even acknowledged its receipt of the CRN, USAA effectively waived its right to such a challenge. [USAA] cannot do so now.

The insured later supplemented its amended response to the insurer's motion to dismiss by filing this court's opinion in *Evergreen Lakes HOA, Inc. v. Lloyd's Underwriters at London*, 230 So. 3d 1 (Fla. 4th DCA 2017) (reversing order granting insurer's motion for summary judgment, which had argued the insured had not timely served its civil remedy notice to the insurer, because the record indisputably established the insurer had received and responded to the civil remedy notice, without challenging the

5

timing of its service upon the insurer, four years before the insured filed its bad faith action).

### 4. *The Circuit Court's Order Granting the Motion to Dismiss*

The circuit court entered an order granting the insurer's motion to dismiss the insured's amended complaint for bad faith with prejudice. The circuit court found the insurer "was not afforded proper notice and time to cure any alleged bad faith actions because [the insured] failed to strictly comply with the requirements of section 624.155." More specifically, the circuit court found the insured "failed to file the CRN in accordance with section 624.155(3) by filing against the incorrect entity." To support its finding, the circuit court quoted *Lopez*:

> Because Fl. Stat. § 624.155 is in derogation of the common law, it must be and has been strictly construed by the courts. Accordingly, where an insured fails to file a CRN in accordance with Fla. Stat. § 624.155(3), her statutory bad faith claim will be dismissed. …

> Courts have interpreted the civil remedy notice requirement so strictly that they have dismissed bad faith actions against insurers where no CRN has been filed against them even though a CRN has been filed against a related entity.

(quoting *Lopez*, 968 F. Supp. 2d at 1208-09, and omitting the internal citations). The circuit court also stated it had looked to *Sandalwood*'s reasoning that "'[t]he CRN is crucial to the procedural integrity of a statutory bad faith claim' because the CRN's purpose is to provide the insurer time to cure any bad faith allegations." (quoting *Sandalwood*, 665 F. Supp. 2d at 1361, and omitting the internal citations).

### 5. *The Parties' Arguments on Appeal*

This appeal followed. The insured's initial brief summarizes her argument for reversal, in pertinent part, as follows:

> [The insurer] never established or even claimed that it was prejudiced by the incorrect entity being named on the CRN. It simply denied the claim, continued to contend the loss did not exceed the insurance policy's deductible, and never attempted a cure. Second, [the insurer] had actual notice of [the insured's] CRN within the cure period, and timely responded

to [the CRN]. Thus, to the extent §624.155(3)(a), Fla. Stat., may require service of the CRN on the insurer, that was accomplished in this case regardless of the correctness of the listed entity. Third, [the insurer] waived any claimed misnomer defect in the CRN by timely responding to the CRN without any objection, and thus, is estopped from asserting such defects as a basis for invalidating the CRN and the subsequently filed bad faith lawsuit. Fourth, [the insurer's] failure to note any name defect in the CRN in its timely response, and failure to bring the defect to the attention of [the insured] for over a year and a half, warrant application of equitable estoppel principles.

In response, the insurer's answer brief argues the circuit court properly dismissed the insured's bad faith action for three reasons: (1) the CRN was filed against a different insurance company, and therefore the insured failed to satisfy the condition precedent of filing a CRN against the insurer; (2) the CRN was legally insufficient as it lacked the specificity which section 624.155 requires; and (3) the insurer could not cure the CRN because the insured never filed a CRN against it. The insurer summarizes its first argument, in pertinent part, as follows:

[The insured] failed to file a CRN against United Service[s] Automobile Association. Instead, [the insured] filed a CRN against USAA Casualty Insurance Company. This is insufficient to pursue a bad faith claim against United Services Automobile Association. Since section 624.155, Florida Statutes, must be strictly construed, [the insured] did not meet all conditions precedent to maintain this action.

Specifically, section 624.155, Florida Statutes, provides: "As a condition precedent to bringing an action under this section, the department and the authorized insurer must have been given 60 days' written notice of the violation." § 624.155(3)(a), Fla. Stat. The use of the word "the" indicates that the CRN must be filed against the singular (and presumably the correct) insurance company. [The insured] did not strictly comply with this notice requirement and her lawsuit was properly dismissed by the trial court.

United Services Automobile Association did not waive its right to dispute the CRN. While United Services Automobile Association had notice of the violations against USAA Casualty Insurance Company, United Services Automobile

7

Association did not have any notice of any allegations against it. Filing against one corporate entity cannot be imputed to another separate entity.

### *6. Our Review*

Our standard of review is de novo. *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013) ("The issue before this Court is a matter of statutory construction, which we review de novo."); *Burgess v. N. Broward Hosp. Dist.*, 126 So. 3d 430, 433 (Fla. 4th DCA 2013) ("The standard of review of orders granting motions to dismiss with prejudice is de novo.").

Section 624.155(3)(a), Florida Statutes (2017), provides in pertinent part that, "[a]s a condition precedent to bringing an action under this section, the department and the authorized insurer must have been given 60 days' written notice of the violation." "Because this statute is in derogation of the common law," the Florida Supreme Court has directed that "it must be strictly construed." *Talat Enters., Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1283 (Fla. 2000); *see also Evergreen Lakes HOA, Inc. v. Lloyd's Underwriters at London*, 230 So. 3d 1, 2 (Fla. 4th DCA 2017) (recognizing *Talat*'s instruction that the statute's "notice condition 'must be strictly construed'").

However, "one can waive any contractual, statutory or constitutional right." *Miami Dolphins, Ltd. v. Genden & Bach, P.A.*, 545 So. 2d 294, 296 (Fla. 3d DCA 1989) (citations omitted). "The doctrine of waiver can encompass not only the intentional or voluntary relinquishment of known rights, but also conduct that warrants an inference of the relinquishment of those rights." *Id.* (citations omitted).

As we held in *Evergreen Lakes*, an insurer can waive compliance with the statutory notice requirements of a bad faith action if not raised. In that case, discovery revealed the insured may have mailed the civil remedy notice to the wrong address. 230 So. 3d at 2. That violated section 624.155, because written notice to the "authorized insurer" must be given as a condition precedent. *Id.* at 3. However, we held the insurer "waived compliance with any such requirement by responding to the CRN ... without challenging its timely receipt of the CRN." *Id.* (citations omitted).

Similarly, here, the insured failed to satisfy the condition precedent of bringing a bad faith action against the "authorized insurer" by misidentifying the insurer as "USAA Casualty Insurance Company" in the civil remedy notice. § 624.155(3)(a), Fla. Stat. (2017). However, the

insurer waived the failure of the condition precedent by not raising the misidentification in its response to the civil remedy notice. The insurer conceded to the circuit court that "USAA, the correct entity, timely responded to the CRN to protect its interests."

The circuit court here, without acknowledging *Evergreen Lakes*, instead relied upon the Southern District's decisions in *Lopez* and *Sandalwood*. Both cases are distinguishable. Neither opinion indicates that after the insured had filed the civil remedy notice against the wrong entity, the proper entity filed a response disputing the notice's merits but without disputing the notice's misidentification of the proper entity. Here, in contrast, the proper entity "USAA" filed a response alleging deficiencies in the civil remedy notice, and otherwise disputing the insured's claim on the merits, but without disputing the notice's misidentification of "USAA Casualty Insurance Company" as the proper entity. Thus, the insurer waived the civil remedy notice's failure to properly identify the insurer. Accordingly, the circuit court erred in dismissing the action because of the misidentification.

Based on the foregoing, we reverse the circuit court's final order granting the insurer's motion to dismiss the insured's amended complaint for bad faith with prejudice. Although the parties argued before the circuit court whether the civil remedy notice was sufficiently specific, the circuit court's order granting the insurer's motion to dismiss did not address those arguments. Thus, we remand for the circuit court to rule on that portion of the motion to dismiss arguing the civil remedy notice was not sufficiently specific, and for any further proceedings consistent therewith. *See Landers v. State Farm Fla. Ins. Co.*, 234 So. 3d 856, 858 n.5 (Fla. 5th DCA 2018) ("[The insurer] argues alternatively that the CRN was invalid because it failed to comply with the bad-faith statute. Because we cannot determine whether the court ruled on this basis, we decline to address this issue for the first time on appeal. ... Therefore, ... [this] issue[] may be addressed on remand.").

*Reversed and remanded for proceedings consistent with this opinion.*

WARNER and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**