DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMY KAYTHEA NEAL,**
Appellant,

v.

**GEICO GENERAL INSURANCE COMPANY,**
Appellee.

No. 4D21-3124

[February 22, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 50-2017-CA-004898-XXXX-MB.

Marc J. Gutterman and Dean R. Mallett of Gutterman Trial Group, Fort Lauderdale, for appellant.

Adam A. Duke and Christopher R. Machado of Young, Bill, Boles, Palmer, Duke, & Thompson, P.A., Miami, for appellee.

WARNER, J.

Appellant challenges a final summary judgment entered against her in her first party bad faith suit against appellee GEICO General Insurance Company. The trial court determined that appellant's Civil Remedy Notice of Insurer Violation ("CRN") served on GEICO failed to meet the legal requirements of section 624.155(3)(b), Florida Statutes (2017). We reverse. We find that GEICO, by its conduct, waived any challenge to appellant's compliance with section 624.155.

This case stems from appellant's insurance claim after her car was stolen. Appellant's car was insured under a policy from GEICO. In November 2012, she reported her car as stolen to the Tampa Police Department ("TPD"). At the time of her report, appellant did not have proof that she was the car's true owner. TPD discovered the car's title had been transferred the day before it was reported stolen.

The TPD report revealed that appellant had purchased the vehicle in April 2012, financed by a loan. The car started leaking gas, and appellant

left it in a parking lot. She also stopped making loan payments in August 2012. She came home from work on November 2, discovered that the car was gone, and she reported it to the police.

Eventually TPD located the car with a new owner. The new owner told TPD that he was dropping a friend off somewhere and saw a sign listing the car for sale. The new owner told TPD he bought the car from appellant for $4,000.

At that point, TPD began investigating whether appellant had filed a false police report. The car's new owner gave a detailed account of how the person had sold him the car and presented title. The new owner knew appellant by name but could not pick her out in a photo lineup. He added that he had negotiated a lower price for the car, because the person from whom he bought the car did not have the keys to it.

At some point thereafter, the TPD detective closed the file, but then was contacted by the GEICO special investigator in May 2013. The investigator had suspicions that the title to the vehicle had been forged. He had discovered that a person who was not appellant had contacted the lienholder for a payoff figure for the loan shortly before the sale.

The TPD detective reopened his investigation to address the possibility of forgery and fraud in the car sale. The detective presented the bill of sale and handwriting samples from appellant for review by a FDLE handwriting examiner. The signature on the bill of sale and other closing documents showed that they did not match appellant's signature. At that point, in July 2013 TPD turned the file over to the Florida Highway Patrol to investigate title fraud.

Despite this further investigation, in August 2013 GEICO sent appellant notice that it would not be considering her car stolen. GEICO stated that its investigation showed the car was possessed by the new owner with clear title and the claim was a civil matter to be resolved between appellant, the lienholder, and the car's new owner.

On May 2, 2017, appellant filed a complaint for breach of contract accusing GEICO of wrongfully denying coverage for her stolen car. On the same day, appellant served her CRN on the Department of Financial Services ("DFS") and GEICO under section 624.155(3)(b), Florida Statutes (2017). In the CRN, appellant accused GEICO of bad faith for its refusal to cover the theft of her car, for not properly investigating the claim, and for denying the claim without all the facts.

GEICO responded to appellant's CRN by faxing appellant's counsel a denial, stating that it had not acted in bad faith. GEICO also described the steps which it had taken to investigate appellant's claim, and how GEICO cooperated with TPD to ultimately conclude that appellant's car was not stolen. GEICO's summary of steps ended with TPD's first conclusion that the car was not stolen and did not include anything about its own special investigator's findings. GEICO requested any proof which appellant had of the car being stolen so that it could inspect the vehicle. In the denial, GEICO did not claim that the CRN was insufficient in any respect.

Shortly after GEICO responded to the CRN, their special investigator prepared a report stating that based on his investigation, GEICO had no reason to suspect that appellant had sold the vehicle. Thus, appellant was the vehicle's owner at the time it disappeared.

In the breach of the insurance contract litigation, the parties reached a settlement whereby GEICO paid appellant $20,000 for the vehicle loss. A final judgment was entered in the fall of 2018, including a directive that appellant must file her section 624.155 claim within a month.

A month later, appellant filed suit for extra-contractual damages based on first party bad faith under section 624.155. GEICO first moved to dismiss the complaint for failure to attach the policy of insurance as well as failing to allege legally compensable damages. GEICO did not raise lack of compliance with the CRN. After the motion was denied, GEICO answered and raised affirmative defenses, again never mentioning any CRN deficiency. Discovery ensued, including interrogatories propounded by each party to the other and requests to produce. Depositions were taken, including of the TPD investigating officer. Documents were produced. An agreed Case Management Plan and Order set trial for September 2020.

Then in July 2020, a year and a half after the bad faith complaint was filed, GEICO moved to dismiss, alleging that the CRN was legally insufficient. The court denied the motion, and GEICO moved to amend its answer. The court entered an agreed order permitting the amendment to the answer and affirmative defenses as of the date of the order. GEICO alleged a new affirmative defense that the CRN failed to comply with section 624.155(3). Appellant filed a reply alleging that GEICO had waived compliance with the CRN and was estopped from asserting the defense by failing to raise it at any time during the litigation until the filing of its answer.

GEICO filed its motion for summary judgment, contending appellant's CRN was legally inadequate. GEICO argued that the CRN failed to include an adequate description of the specific facts and circumstances giving rise to the violations, failed to specifically reference any policy language, and failed to articulate the curative action which appellant sought from GEICO. Appellant filed a response, and the court ultimately sided with GEICO, concluding that the CRN was legally insufficient.

Appellant filed a motion for rehearing, again arguing GEICO waived compliance with section 624.155 by failing to address its objections to the CRN in its response, and by allowing the bad faith action to proceed. The court denied appellant's motion for rehearing and entered a final judgment for GEICO. From this order, appellant appeals.

Appellant argues that her CRN was sufficient, but also argues that any challenge to the CRN was waived by GEICO's failure to object to the CRN in its response. We agree that GEICO waived its objections[1] to any deficiencies in the CRN by failing to raise them in its response to the CRN, and GEICO also failed to raise any objections to the CRN in the litigation until it very belatedly amended its answer.

In *Bay v. United States Automobile Ass'n*, 305 So. 3d 294 (Fla. 4th DCA 2020), an insured misidentified the insurer in her CRN as "USAA Casualty Insurance Company" instead of "United Services Automobile Association" or (USAA). *Id.* at 295–96. Nevertheless, USAA responded to the CRN, alleging a lack of specificity and failure to comply with the provisions of section 624.155(3)(b). USAA never revealed that the CRN had misidentified the proper insurance company. *Id.* at 295–96. The insured filed suit against the insurer, and the insurer moved to dismiss for failure to comply with section 624.155, as well as misidentifying the proper insurer. *Id.* at 296–97. The trial court dismissed the insured's complaint with prejudice, finding that she had failed to file in accordance with the statute by failing to file against the correct entity. *Id.* at 297.

On appeal, we held that, "[w]hile we agree with the circuit court's finding that the misidentification failed to strictly comply with section 624.155, Florida Statutes (2017), we conclude the circuit court erred in not finding that the insurer waived this argument by not raising the argument in its response to the civil remedy notice." *Id.* at 295. Although we noted that statutes in derogation of the common law must be strictly construed, we stated:

---

[1] Because we agree with appellant's waiver argument, we do not reach the question of the sufficiency of the CRN under the statute.

> "[O]ne can waive any contractual, statutory or constitutional right." *Miami Dolphins, Ltd. v. Genden & Bach, P.A.*, 545 So. 2d 294, 296 (Fla. 3d DCA 1989) (citations omitted). "The doctrine of waiver can encompass not only the intentional or voluntary relinquishment of known rights, but also conduct that warrants an inference of the relinquishment of those rights." *Id.* (citations omitted).

*Bay*, 305 So. 3d at 299. We then explained that "the insurer waived the failure of the condition precedent by not raising the misidentification in its response to the civil remedy notice." *Id.*; *see also Evergreen Lakes HOA, Inc. v. Lloyd's Underwriters at London*, 230 So. 3d 1, 3 (Fla. 4th DCA 2017) (holding that by responding to a CRN without challenging its timeliness, an insurer waived compliance with requirement that it be given a copy of a CRN on or before the date on which the DFS accepted the CRN).

Here, waiver is abundantly clear. GEICO's response to the CRN never raised an objection to it. Instead, GEICO responded on the merits. Therefore, GEICO waived any claim of noncompliance with the requirements of section 624.155. *See Bay*, 305 So. 3d at 299; *Evergreen*, 230 So. 3d at 3.

Further, when suit was filed, GEICO also never raised a claim that the CRN was deficient until a year and a half into the litigation, after discovery had begun and a tentative trial date had been set. We agree with the Fifth District that "the purpose of the CRN is to facilitate and encourage good-faith efforts to timely settle claims before litigation, not to vindicate continuing efforts to delay." *Landers v. State Farm Fla. Ins. Co.*, 234 So. 3d 856, 859 (Fla. 5th DCA 2018) (citing *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1272 (Fla. 2000)).

Appellant served her CRN upon GEICO, and the insurer initially rebuffed her, contending that it had no evidence that her car was stolen (when in fact its own investigator had evidence of its theft). Thus, it is GEICO who delayed resolution of this claim, not for any deficiency in the CRN but because it claimed that on the merits it had not engaged in any bad faith conduct. That was its position at the time the CRN was served and continued to be its position for a year and a half of litigation. GEICO has thus waived its right to complain about any supposed deficiencies in the CRN.

We thus reverse the final summary judgment and remand for further proceedings on appellant's bad faith claim.

*Reversed.*

CIKLIN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**