[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13422

Non-Argument Calendar

_____

DAONTAE T. SCOTT,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cv-05900-MCR-MAF

_____

Before JORDAN, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Daontae Scott, a Florida prisoner proceeding *pro se*, appeals the district court's order denying his amended 28 U.S.C. § 2254 habeas corpus petition. He argues that the district court erred in concluding that an ineffective assistance of counsel claim raised in his amended petition was untimely because it did not relate back to his original petition. After careful consideration, we affirm.

## I.

This appeal arises out of two Florida criminal cases. In the first case, Scott was charged with aggravated assault with a deadly weapon, battery, and violating an injunction for protection against domestic violence. These charges arose out of an incident in which Scott allegedly attacked his sister with a pair of shears at the barbershop where she worked. In the second case, Scott was charged with battery. This case arose out of an incident in which Scott allegedly attacked and beat his girlfriend. In each case, Scott pleaded not guilty.

Shortly before trial, Scott waived his right to counsel and sought to represent himself. The court permitted Scott to represent himself with the assistance of standby counsel. The state court held the trials for the two cases on the same day.

22-13422                 Opinion of the Court                 3

At the trial in the aggravated assault case,[1] the State introduced evidence about Scott's attack on his sister at the barbershop where she worked. His sister testified that during the attack, Scott wielded a sharp pair of hair-cutting shears. She described how Scott knocked her down, dragged her across the floor, ripped braids out of her head, and threatened her. A police officer who investigated the incident testified that when she arrived at the barbershop, Scott's sister was bleeding and missing a patch of hair. The officer also reported seeing braids and blood on the barbershop floor.

Scott was found guilty of all charges. In the case arising out of the attack on his sister, he was ultimately sentenced to 10 years on the aggravated assault charge, 10 years on the battery charge with the sentence to run concurrently with the sentence on the aggravated assault charge, and one year on the violating an injunction for protection against domestic violence charge with the sentence to run consecutively to the sentence for the battery charge. And in the case arising out of the attack on his girlfriend, Scott was sentenced to 10 years with the sentence to run consecutively to the sentences imposed in the first case. [2]

Scott appealed. The Florida First District Court of Appeal affirmed his convictions and sentences. *See Scott v. State*, 230 So. 3d

---

[1] Because Scott does not raise any issue in this appeal challenging his conviction in the case arising out of the battery of his girlfriend, we do not review the evidence introduced at that trial.

[2] At the sentencing, the trial court found Scott in contempt of court. For the contempt, it sentenced him to an additional 60 days in jail.

53 (Fla. Dist. Ct. App. 2017). He sought discretionary review from the Florida Supreme Court, which declined to accept jurisdiction.

Scott's convictions became final for federal habeas purposes on March 27, 2018, at the conclusion of the 90-day period for seeking review in the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A). After his convictions became final, Scott had one year, absent tolling, to file a federal habeas petition. *See id.* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Before his convictions became final and the limitations period began to run, Scott filed a *pro se* petition in Florida's First District Court of Appeal, alleging ineffective assistance of appellate counsel based on his attorney's failure to raise any challenge to the trial court's determination that he was competent to stand trial. The petition was denied on the merits. *See Scott v. State*, 251 So. 3d 349 (Fla. Dist. Ct. App. 2018).

While Scott's postconviction petition was pending in the Florida appellate court, he filed a *pro se* motion for post-conviction relief in the state circuit court where he was tried and convicted. He argued that he was entitled to post-conviction relief for several reasons. In Counts One through Four of this motion, Scott alleged that the attorneys who represented him before trial provided ineffective assistance of counsel because they failed to investigate and procure a security video from his sister's barbershop and failed to

request forensic testing of the shears he allegedly used in the attack. In Count Five, he alleged that the attorneys also were ineffective in failing to perform "any reasonable pre-trial investigation/ preparation." Doc. 26-4 at 62.[3]   And in Count Six, he asserted that his standby counsel was ineffective during the trial for failing "to move the court to terminate [his] pro se/self-representation." *Id.* at 64.

The state circuit court concluded that Scott was not entitled to relief on any of his claims. The court concluded that the claims in Counts One through Five failed because a defendant who chooses to represent himself "cannot thereafter complain that the quality of his defense was a denial of effective assistance of counsel." *Id.* at 77 (internal quotation marks omitted). And as to Count Six, the court determined that standby counsel was not ineffective. Scott appealed, and the First District Court of Appeal summarily affirmed the denial of his motion for post-conviction relief. *Scott v. State*, 282 So. 3d 59 (Fla. Dist. Ct. App. 2019). Its mandate issued on November 18, 2019.

The next day, November 19, 2019, the one-year limitations period for Scott to file a federal habeas petition began to run. He filed his initial federal habeas petition on October 21, 2020—within the one-year period. In the petition, he raised an ineffective assistance of counsel claim, alleging that the attorneys who represented him before trial were ineffective because they failed to investigate and obtain security video from the barbershop.

---

[3] "Doc." numbers refer to the district court's docket entries.

Several months later (and after the one-year limitations period had expired), Scott filed an amended habeas petition. In Ground Three of the amended petition,[4] he alleged that pretrial counsel "provided ineffective assistance in failing to do any reasonable pre-trial investigation that would have been helpful to [his] case." Doc. 21 at 13. He asserted that if the attorneys had performed any investigation he would not have been convicted of aggravated assault.

The State responded to Scott's amended § 2254 petition. For Ground Three, it argued that the claim was timely to the extent that Scott alleged that counsel was ineffective in failing to obtain the barbershop's security video because that aspect of his claim related back to his original, timely filed § 2254 petition. But it asserted that "all other allegations of pretrial counsel's ineffectiveness do not relate back . . . and are barred as untimely." Doc. 26 at 39. And for the ineffective assistance claim related to the security video, the State argued that Scott was not entitled to relief because the state court decision rejecting this claim was reasonable and thus entitled to deference.

A magistrate judge prepared a report and recommendation concluding that the district court deny Scott's amended petition.

---

[4] In the amended petition, Scott raised two other grounds, which related to his competency and waiver of right to counsel. And he later raised a fourth ground challenging a sentencing enhancement for habitual offenders. *See* Fla. Stat. § 775.084. Because none of these grounds is at issue in this appeal, we discuss them no further.

The magistrate judge considered whether the amended petition was timely. Because Scott filed the amended petition after the one-year limitations period for bringing a federal habeas petition expired, the magistrate judge determined that a claim in the amended petition was timely only if it related back to Scott's original petition. To the extent Ground Three raised an ineffective assistance claim based on the attorneys' failure to obtain the security video from the barbershop, the magistrate judge determined that it related back to the original petition and was timely. But to the extent Ground Three raised an ineffective assistance claim based on anything else, the magistrate judge concluded that it did not relate back to the original petition and was untimely.

The magistrate judge then addressed the merits of the ineffective assistance claim related to the security video. The magistrate judge explained that to prevail on his ineffective assistance of counsel claim, Scott had to show that his counsel's performance was deficient and that he was prejudiced.

The magistrate judge focused on whether Scott was prejudiced by his attorneys' failure to obtain the security video. The magistrate judge noted that there was no allegation in the amended petition and no evidence that "the barber shop actually had a . . . security system or made, or kept for any period, such video recordings." Doc. 39 at 43. Instead, the police report reflected that there was no video surveillance that captured the incident. But even assuming that there was a security video from the barbershop, the magistrate judge concluded that Scott could not show prejudice

from his attorneys' failure to obtain the video given the strength of the State's evidence at trial establishing that he had committed an aggravated assault upon his sister. The magistrate judge thus recommended that the district court deny Ground Three in Scott's amended § 2254 petition.

After making this recommendation, the magistrate judge notified the parties that they had to file any objections within 14 days. He warned that failing to object to the "findings or recommendations as to any particular claim or issue . . . waive[d] the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *Id.* at 48–49.

Scott filed objections in which he challenged the magistrate judge's determination that he was not prejudiced by his attorneys' failure to obtain any security video. In the objections, he did not address or challenge the magistrate judge's determination that to the extent he raised any other ineffective assistance claim in Ground Three, it did not relate back to the original petition and was time barred.

After reviewing Scott's objections, the district court adopted the magistrate judge's recommendation and denied Scott's amended § 2254 petition. Scott appealed. A member of this Court granted Scott a certificate of appealability on a single issue:

> Whether the district court erred by finding that Ground 3 of Scott's first amended petition only related back to his original petition in part, such that only his claim that counsel was ineffective for failing

to review security camera footage could be considered as timely?

## II.

The sole issue before us in this appeal is whether the district court erred in concluding that the ineffective assistance of counsel claim in Ground Three, to the extent it was based on anything other than counsel's failure to seek or obtain the security video, did not relate back to Scott's original petition and was time barred.

We cannot reach this issue because Scott failed to preserve it for our review. After the magistrate judge recommended that the district court deny Scott's amended petition, he objected. But even liberally construing those objections, *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), he failed to raise any challenge to the magistrate judge's recommendation regarding timeliness.

A party who does not object to findings or recommendations in a magistrate judge's report and recommendation generally waives the right to challenge an order based on those conclusions if the party was informed of the time for objections and the consequences of failing to do so. 11th Cir. R. 3-1. Even so, we retain the ability to review an issue "for plain error if necessary in the interests of justice." *Id.* To satisfy the plain error standard, a defendant must show: (1) an error; (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). An error is plain only if it is contrary to a federal statute or on-point precedent from this Court or

the United States Supreme Court. *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

Scott waived his right to raise the timeliness issue on appeal because he failed to object to the magistrate judge's recommendation on this issue after being warned of the consequences of failing to object. *See* 11th Cir. R 3-1. We nevertheless assume that it would be appropriate in the interests of justice to review this issue for plain error. *See id.* Because the district court's decision on timeliness was not contrary to a federal statute or on-point precedent from this Court or the Supreme Court, Scott has not shown that there was plain error. *See Hoffman*, 710 F.3d at 1232. On top of that, we cannot say that any alleged error affected Scott's substantial rights. Even if his ineffective assistance claim was timely, the claim ultimately would fail on the merits. Given the strength of the State's evidence that he committed an aggravated assault upon his sister, he was not prejudiced by any alleged deficient performance from the attorneys who represented him before trial.

**AFFIRMED.**